IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 20-cv-00647-UNA |
| | : | |
| PAYPAL, INC., SHIJIL TS, CEO | : | |
| SPARKSUPPORT INFOTECH PVT | : | |
| LTD, GODADDY.COM, LLC, | : | |
| DIRECTOR CfA-CXC CENTER FOR | : | |
| ASTROPHYSICS/HARVARD- | : | |
| SMITHSONIAN, | : | |
| | : | |
| Defendants. | : | |

**MOTION OF THE UNITED STATES TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

The United States, as proposed substituted defendant, by and through its attorneys David C. Weiss, United States Attorney for the District of Delaware, and Derick D. Dailey, Assistant United States Attorney, respectfully moves this Court to dismiss Plaintiff's Amended Complaint against Defendant Director CfA-CXC Center for Astrophysics/Harvard-Smithsonian pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support of its motion, the United States sets forth the following.

**I.**   **Introduction**

Plaintiff complains, for the second time, about the Harvard-Smithsonian Center for Astrophysics' refusal to let him use the Chandra X-Ray Observatory, a high-powered space-based telescope operated by the Smithsonian Institution ("Smithsonian"). Citing purported interactions with personnel from the Harvard-Smithsonian Center for Astrophysics, Plaintiff filed this Amended Complaint alleging negligence, gross negligence, bad faith, and fraud against Director CfA-CXC Center for Astrophysics/Harvard-Smithsonian. In his Amended Complaint, Plaintiff

also appears to include alleged constitutional violations by the United States stemming from the government's defense against Plaintiff's original complaint which was dismissed by this Court for lack of subject matter jurisdiction.

Plaintiff's Amended Complaint should be dismissed because this Court lacks subject matter jurisdiction to consider this case. Alternatively, should jurisdiction exist, Plaintiff's Amended Complaint should be dismissed because it fails to state a claim. For these reasons, and for the reasons that follow, the United States respectfully requests that the Court dismiss the Amended Complaint with prejudice as against the United States.[1]

## II. Procedural Background

Almost a year ago, Plaintiff filed a Complaint in the Superior Court of the State of Delaware, attached hereto as Ex. A, that is nearly identical to this Amended Complaint. In his initial Complaint, Plaintiff asserted negligence against "Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA)" for the manner and timing of communications with him about his proposal to utilize the Chandra X-Ray telescope. Ex. A at 4.2. As proposed substituted defendant, the United States filed a Notice of Removal to remove the action from the Superior Court of the State of Delaware to the United States District Court for the District of Delaware. *See Mikkilineni v. PayPal, Inc.*, C.A. No. 19-1391-CFC-SRF, D.I. 1, 3. On July 29,

---

[1] The government requests that Plaintiff's Amended Complaint be dismissed with prejudice. There is no conceivable legal theory arising from the nexus of facts that Plaintiff identifies in his Amended Complaint that could give rise to liability on the part of the United States; as a result, any further amendment would be legally insufficient, and thus, futile. *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000) (recognizing that a district court may dismiss a complaint with prejudice where further amendments would be futile, and further recognizing that futility is judged with the same standard of legal sufficiency as under Rule 12(b)(6)). Moreover, this is Plaintiff's second attempt to state a claim, and he has failed.

2

2019, the United States moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). C.A. No. 19-1391-CFC-SRF, D.I. 4.

Magistrate Judge Sherry Fallon issued a Report and Recommendation wherein she recommended that the United States' motion to substitute as defendant and motion to dismiss for lack of subject matter jurisdiction be granted. C.A. No. 19-1391-CFC-SRF, D.I. 31. On February 21, 2020, United States District Court Judge Colm F. Connolly adopted Judge Fallon's Report and Recommendation, granting the United States' motion to substitute and motion to dismiss. C.A. No. 19-1391-CFC-SRF, D.I. 35.

Less than a month later, on or about March 16, 2020, Plaintiff filed an Amended Complaint in the Superior Court of the State of Delaware. His Amended Complaint alleges near-identical facts against "Director CfA-CXC Center for Astrophysics/Harvard-Smithsonian" (whereas his original Complaint was against "Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA)"), and adds facts related to the Court's dismissal of his original Complaint. For example, with regard to the previous action, Plaintiff complains that he properly served the United States, that he was entitled to a hearing on his request for discovery, and that the United States was improperly substituted as Defendant. *See* Ex. B, *Mikkilineni v. PayPal, Inc., et al.*, C.A. No. N19C-05-123-PRW-CCLD.[2] As proposed substituted Defendant, the United States filed a Notice of Removal to remove the action from the Superior Court of the State of Delaware to this Court. D.I. 1.

---

[2] On March 10, 2020, Plaintiff sent a copy of the Amended Complaint via electronic mail to Dr. Charles Alcock, an employee of the Smithsonian. Service via electronic mail to Dr. Alcock is not sufficient service of process on the United States. The United States must be served in accordance with Rule 4 of the Federal Rules of Civil Procedure. In removing this case and ultimately moving to dismiss it, the United States is not waiving its right to proper service in accordance with the Federal Rules of Civil Procedure.

3

### III. Factual Background

The Smithsonian Astrophysical Observatory ("SAO") is a unit of the Smithsonian and is headquartered in Cambridge, Massachusetts. *See* Ex. C, Declaration of Charles Alcock ("Alcock Declaration"), attached hereto. In 1991, the Smithsonian, by and through SAO, received a contract from the National Aeronautics and Space Administration ("NASA") to develop and operate what is now known as the Chandra X-ray Center ("CXC"). *Id*. at ¶ 3. In collaboration with Harvard University ("Harvard"), the SAO established the Center for Astrophysics ("CfA") to advance research and education in astronomy and astrophysics. *Id*. at ¶ 1. The Director of the CfA-CXC (as included by Plaintiff in the caption of his Amended Complaint) is a Smithsonian employee. *Id*.

The CXC conducts operations for the Chandra X-ray Observatory ("Chandra"), a space-based X-ray telescope launched into the high-earth orbit in 1999. *Id*. at ¶ 3. The CXC issues an annual call for proposals to make use of Chandra's observing time. *Id*. at ¶ 4. The proposals undergo peer review and, if selected, form the basis of the observing program for the subsequent year. *Id*. Plaintiff is alleging negligence, gross negligence, bad faith and fraud regarding the manner in which and timing by which the Director communicated with him concerning his proposal to make use of Chandra. Am. Compl. ¶ 4.2

### IV. Plaintiff's Claims Against the United States Should be Dismissed Because this Court Lacks Subject Matter Jurisdiction.

The United States is the proper party to this suit, and it cannot be sued unless Congress explicitly authorizes such suit. *See generally United States v. Sherwood*, 312 U.S. 584, 586 (1941). When Congress consents to suit against the United States, it may define the terms and conditions upon which it may be sued, and the terms of its consent are jurisdictional. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff bears the burden of establishing "that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977); *see also O'Neill v.*

*Cook¸* 828 F. Supp. 2d 731, 735 (D. Del. 2011) ("Once the court's subject matter jurisdiction over a complaint is challenged, plaintiff bears the burden of proving that jurisdiction exists.").

The FTCA, which applies to the Smithsonian, *see Expeditions Unlimited Aquatic Enters. v. Smithsonian Inst.*, 566 F.2d 289, 296-97 (D.C. Cir. 1997), contains a limited waiver of sovereign immunity for certain claims against the United States for money damages for injury "caused by the negligent or wrongful acts or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 1346(b)(1). This "remedy against the United States" is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . ." *Id.* § 2679(b)(1); *see Privolos v. F.B.I.¸* 686 F. App'x 150, 152 (3d Cir. 2017). In other words, the FTCA is Plaintiff's only avenue for challenging the allegedly tortious actions taken by the Director.

The terms under which the government has waived its immunity under the FTCA "define the court's subject matter jurisdiction." *White-Squire v. United States Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). One such term is the requirement that a plaintiff exhaust administrative remedies prior to filing suit in federal court. Before suing, a claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency[.]" 28 U.S.C. § 2675(a); *see also Reo v. United States Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996) (discussing the FTCA). "[A]n initial presentation of the claim to the appropriate federal agency and a final denial by that agency" are non-waivable jurisdictional prerequisites for suits brought under the FTCA. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *see also Jones v. United States*, 195 F. Supp. 2d 591, 596 (D. Del. 2002) ("Filing a proper administrative

5

claim is an absolute and unwaivable jurisdictional prerequisite to filing and maintaining an action under the FTCA.") (internal quotation omitted).

Plaintiff did not file an administrative claim with the Smithsonian prior to filing his Amended Complaint.[3] As set forth in the attached Declaration of Judith Leonard ("Leonard Declaration"), Ex. D, attached hereto, the General Counsel of the Smithsonian, Ms. Leonard is familiar with the system used to store, track, and manage administrative claims. Leonard Declaration ¶¶ 1, 4. If an administrative claim is filed against the Smithsonian, such claim is logged by Smithsonian personnel into the Time Matters system, a database that, in part, retains copies of all FTCA claims against the Smithsonian. *Id*. at ¶ 4. Smithsonian personnel conducted a search of the Time Matters system on April 3, 2020, and determined that Plaintiff had not filed an administrative claim. *Id*. at ¶ 5. Because Plaintiff's claims for negligence and gross negligence are governed by the FTCA, which requires presentment of an administrative claim to the agency at issue, and because Plaintiff never filed an administrative claim with the Smithsonian with respect to his tort claims, his Amended Complaint against the United States should be dismissed for lack of subject matter jurisdiction.

### V.  Alternatively, Plaintiff's Claims Should be Dismissed Pursuant to Rule 12(b)(6) for Failure to State a Claim.

Even if the Court determines that it has subject matter jurisdiction over Plaintiff's claims against the United States, those claims should nevertheless be dismissed for failure to state a claim.

---

[3] Notably, it was Plaintiff's failure to exhaust his administrative remedies with regard to his original Complaint that resulted in the Court granting the United States' motion to dismiss for lack of subject matter jurisdiction. C.A. 19-1391-CFC-SRF, D.I. 31 at 12 ("Filing an amended complaint with alleged 'wrongful acts' would not cure the jurisdictional deficiency based upon plaintiff's failure to file an administrative claim.").

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Pleadings must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Duncan v. Vantage Corp.*, 2019 WL 1349497, at *11 (D. Del. Mar. 26, 2019) ("To survive the Rule 12(b)(6) motion … the Complaint 'must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element' of a negligence claim.") (citing *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008)).

Plaintiff's Amended Complaint does not contain factual allegations to his claims for negligence or fraud. *Halchuck v. Williams*, 635 F. Supp. 2d 433, 346 (D. Del. 2009) (stating the elements of negligence under Delaware law); *see also Hauspie v. Stonington Partners, Inc.*, 945 A.2d 584, 586 (Del. 2008) (stating the elements of common law fraud under Delaware law); *Greenfield as Next Friend for Ford v. Miles*, 211 A.3d 1087, 1101 (Del. 2019) (stating gross negligence as an "extreme departure from the ordinary standard of care.") (citing *Browne v. Robb*, 583 A.2d 949, 953 (Del. 1990)). Plaintiff's Amended Complaint contains no allegation that the United States owed any duty to him. It contains no allegation that there was any breach of any such duty, and it contains no allegations that Plaintiff suffered any harm as a result of any alleged

7

breach.  Nor does it contain any allegation that the United States could be the cause of any such harm.  And it contains no allegations to support a claim for fraud or bad faith.[4]  All that Plaintiff's Amended Complaint does is state summarily on page 20 that his claims against Defendant Director are for negligence, gross negligence, fraud, and bad faith.  Plaintiff's Amended Complaint should accordingly be dismissed with prejudice for failure to state a claim.

Similarly, Plaintiff's Amended Complaint does not state a cause of action for any alleged violations of the Fifth and Fourteenth Amendments to the Constitution of the United States.  Plaintiff raised all of these grievances before this Court in his previous action and they were either immaterial (*i.e.*, Plaintiff failed to properly serve the United States in accordance with the Federal Rules of Civil Procedure, but that was not a basis on which the United States moved to dismiss) or expressly or impliedly rejected by the Court.  *See Mikkilineni v. PayPal, Inc.*, C.A. 19-1391-CFC-SRF, D.I. 34 (finding that dismissal of a complaint without an oral hearing does not violate due process); D.I 31 ("Plaintiff has failed to provide specific facts to rebut the certification and, therefore, the United States' motion to substitute party is granted.").  Because this Court has already ruled on those arguments, the United States does not address them in detail here.  *See*, *e.g.*, *Matter of Resyn Corp.*, 945 F.2d 1279, 1281 (3d Cir. 1991) ("[W]hen a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation.")

---

[4] Even if Plaintiff could provide support for his claims of fraud and bad faith, Plaintiff has failed to plead waiver of Defendant's sovereign immunity, and therefore, this Court lacks jurisdiction.  *Green v. Locke*, CIV. A. No. 10-707 MLC, 2010 WL 3614216, at *4 (D.N.J. Sept. 8, 2010) (citing *In re Univ. Med. Ctr.*, 973 F.2d 1065, 1085 (3d Cir. 1992)).  Because "[t]he doctrine of sovereign immunity prohibits any suit to be maintained against the United States without its consent . . . the jurisdictional allegations in an original action . . . against the United States must include a reference to the statute containing an express or implied waiver of the government's immunity from suit."  5 FED. PRAC. & PROC. CIV. § 1212 (3d ed.).  A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed," *United States v. King*, 395 U.S. 1, 4 (1969), and "must be strictly construed in favor of the United States."  *Clinton County Comm'rs v. United States Envtl. Protection Agency*, 116 F.3d 1018, 1021 (3d Cir. 1997).

(citing *Devex Corp. v. General Motors Corp.*, 857 F.2d 197, 199 (3d Cir. 1988)); *see also Waldorf v. Shuta*, 142 F.3d 601, 615 n.4 (3d Cir. 1998) ("[O]nce an issue has been decided, parties may not relitigate that issue in the same case."). If Plaintiff wished to challenge the Court's ruling, the proper avenue was to appeal the Court's ruling, not amend his complaint and incorporate his failed arguments into a new pleading.[5]

---

[5] To the extent Plaintiff is, through invocation of the Constitutional amendments, attempting to assert a cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), any such cause of action fails. First, as an employee of the United States, defendant Director is entitled to qualified immunity. *Bryan v. United States*, 913 F.3d 356, 362 (3d Cir. 2019) ("qualified immunity shields government officials from *Bivens* claims and money damages, unless a plaintiff can establish that the official violated a statutory or constitutional right, and that the right was 'clearly established at the time of the challenged conduct.'") (internal citations and quotations omitted). Second, even if Plaintiff could overcome qualified immunity, he cannot establish a Bivens claim. Establishing the existence of a *Bivens* claim is "antecedent to the other questions presented." *Bistriani v. Levi*, 912 F.3d 79, 88 (2018) (citing *Hernandez v. Mesa*, 137 U.S. 2003, 2006 (2017)). "It is thus a 'threshold question of law' that 'is directly implicated by the defense of qualified immunity[.]'" *Bistriani*, 912 F.3d at 88 (citing *Vanderklok v. United States*, 868 F.3d 189, 197 (3d. Cir. 2017)). A *Bivens* cause of action has only been recognized in three circumstances in approximately 40 years of jurisprudence: in *Bivens*, 403 U.S. at 389, where the Supreme Court implied a private right of action under the Fourth Amendment for unreasonable search and seizure; in *Davis v. Passman*, 442 U.S. 228 (1979), under the Fifth Amendment's Due Process Clause for gender discrimination against a congressman for firing his female secretary; and in *Carlson v. Green*, 446 U.S. 14 (1980), under the Eighth Amendment's prohibition on cruel and unusual punishment against prison officials for failure to treat asthma, which led to death. *Bivens'* progeny instructs that the remedy itself is a "disfavored judicial activity." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1856 (internal quotations omitted). *Ziglar* "also made clear that the only recognized implied rights of action are the narrow situations presented in *Bivens, Davis,* and *Carlson*." *Rivera v. Samilo*, 370 F. Supp. 3d 362, 367 (E.D.N.Y. 2019); *see also Vanderklok v. United States*, 868 F.3d 189, 199-200 (3d Cir. 2017) (holding that, even though the Third Circuit had previously recognized a *Bivens* remedy in the First Amendment retaliation context, that precedent was no longer binding in light of *Ziglar*). Though Plaintiff cites to the Fifth Amendment, it is clear that any alleged due process claims stemming therefrom are categorically distinct from those set forth in *Davis*. "The Court's precedents now make clear that a *Bivens* remedy will not be available [in a new context] if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S.Ct. at 1857. Moreover, the Fourteenth Amendment has never been recognized in the *Bivens* context, and for good reason: such a claim does not apply to the federal government. *See Brown v. Philip Morris, Inc.,* 2250 F.3d 789, 800 (3d Cir. 2001); *Life Savers Concepts Assoc'n of California v. Wynar*, 387 F. Supp. 3d 989, 996 (N.D. Cal. 2019) ("the Fourteenth Amendment applies to the states, and actions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment")

9

## VI. Conclusion

This court lacks subject matter jurisdiction to hear Plaintiff's claims and Plaintiff has failed to state a claim. Accordingly, the United States' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) should be granted.

          Respectfully submitted,

          DAVID C. WEISS
          United States Attorney

By: /s/ Derick D. Dailey
     Derick D. Dailey
     Assistant United States Attorney
     1313 N. Market Street
     P.O. Box 2046
     Wilmington, DE 19899-2046
     (302) 225-9409

*Attorney for Defendant United States of America*

Dated: May 15, 2020

---

(internal quotations omitted). Accordingly, to the extent Plaintiff was attempting to bring a *Bivens* claim, that claim fails.