IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Maheswar Mikkilineni,
Plaintiff

v.

PayPal, Inc.; Shijil TS et.al;
Godaddy.com LLC;
Director CfA-CXC.
Defendants.

CA No. 20-cv-647 CFC
Related CA No. 19-cv-1391CFC



FILED
MAY 28 2020
US DISTRICT COURT
DISTRICT OF DELAWARE



**"Three-Judge District Court Requested"**

*Plaintiff Response to US 2nd Notice of Removal*
*Motion for oral-Hearing & Discovery*

Please see Delaware State Constitution (relevant-part):

CPREAMBLE
Through Divine goodness, all people have by nature the rights of worshiping and serving their Creator according to the dictates of their consciences, of enjoying and defending life and liberty, of acquiring and protecting reputation and property, and in general of obtaining objects suitable to their condition, without injury by one to another; and as these rights are essential to their welfare, for due exercise thereof, power is inherent in them..

ARTICLE I. BILL OF RIGHTS
§9. Courts shall be open; remedy for injury; suits against State.
Section 9. All courts shall be open; and every person for an injury done him or her in his or her reputation, person, movable or immovable possessions, shall have remedy by the due course of law, and justice administered according to the very right of the cause and the law of the land, without sale, denial, or unreasonable delay or expense..

ARTICLE IV. JUDICIARY
§7. Jurisdiction of Superior Court.
Section 7. The Superior Court shall have jurisdiction of all causes of a civil nature, real, personal and mixed, at common law and all the other jurisdiction and powers vested by the laws of this State..
§18. Powers of.. the Court and the Judges of said Courts shall each singly exercise all the powers which any law of this State vests in the Judges singly.., whether as members of the Court or otherwise.
§21. Amendments in civil pleadings and proceedings by Superior Court.
Section 21. In civil cause, when pending, the Superior Court shall have the power, before judgment, of directing, upon such terms as it shall deem reasonable, amendments in pleadings and legal proceedings, so that by error in any of them, the determination of causes, according to their real merits, shall not be hindered..

So, whether 'one' likes or not, it took me 14 years, as a volunteer, to re-discover The Creator in Reality—ONE, that creates sun-star, planets-moons, and all life on the earth—includes Man-Animals to 'live and let-live' (per Buddha, once a prince in India, who gave-up throne and took 14 years to re-discover The Truth, so was Jesus who spent 14 years in India)—rest of us (most of us have no clue we are Indians), may require many birth-death cycles before seeing merit in 'live and let live'(or if anyone wants to see 3D video and learn, ask me).

1. So, under Delaware Law, I requested (see Exhibit 05 20 2020) super. court for an evidentiary-hearing on the 2nd notice of removal into US Court by US on 05/15/2020—because, in the 1st round US Court (No.19-cv-1391-CFC) didn't allow discovery, nor able to see what Harvard-CfA has been doing since 1991.

(i) Hence, misled by US attorney, US Court enters an order on 02/21/2020 (Docket Text, DT 35) dismissing my 1st amended-complaint—
. It refused to allow an oral-hearing and denied discovery of evidence (DT 31) &
. It arbitrarily discarded my pleading filed on 08/26/2019 (DT 20) with relevant evidence from CfA website which named Prof. Alcock of Harvard U as the single Director CfA-CXC: now, that evidence seem like a deceptive-ploy by Harvard-CfA, if we read Prof. Alcock Decl. of April 7, 2020—because, in the 2nd notice of removal, Prof. Alcock leads us into a muddied-path built by Harvard-lawyers..

That's the way it is.., a Big-mystery! Only an honest 'Three-Judge District Court' can make sense of Harvard-CfA plot—one good-judge couldn't solve it in the 1st round in a *pro se* case, likely due to the deceit of US attorney..

(ii) And, US Court sent a certified copy of the order on 02/21/2020 (DT 36) to the super. court—
. Disregarding my pleading filed on 02/24/2020 (DT 37), a reply to US's response of 02/18/2020 (DT 33) to Magistrate R & R, and
. Arbitrarily discarding my motion filed on 03/02/2020 (DT 38) to re-consider the order of 02/21/2020 (DT 35), I filed, timely, within 10-days.

Thus, under one-judge rule, *pro se* has no-right to due-process—so, a 'Three-Judge District Court' should look into this Harvard-CfA plot carefully, and see what's going on.. I couldn't figure out at the time of 1st notice of removal—but, now, I know, precisely, how Harvard-CfA is executing the plot—see at 3(ii), below.

2. The super. court enters an order on point (see Exhibit <u>05 21 2020</u>):

(i) <u>The court</u> "Plaintiff.. continued to docket filings with this court. Among these filings was one he styled as an Amended Complaint filed July 29, 2019."

<u>Response</u>: True. I think it is my duty to inform the court on the status in US Court. I, also, has a right under the law to file 1st amended-complaint on July 29, 2019, in response to the motions filed by PayPal & Godaddy—however, I didn't know until 07/30/2019, about the 1st notice of removal by US.

Anyway, now, we all know the 1st amended-complaint of July 29, 2019 was dead by a shot of 1st notice of removal; and the 2nd amended-complaint of March 10, 2020 is dead by a shot of 2nd notice of removal. Also, see super. court finding "court had not yet ruled which of Plaintiff.. amended pleadings, if any, were permitted (court rules permit a party a single amendment to a pleading as of right..)"—see order p.3 (or A-7)

(ii) Thus comes birth after death, a new 'amended-complaint' (later) with a "real-party in interest" in Harvard-CfA plot—so, everyone can breathe-easy with no dancing virus?

3. If so, what about the other 2-US motions at 2nd notice of removal?

. To substitute party, and
. To dismiss amended complaint.
Because super. court has not yet 'permitted' the 2nd amended complaint, and US took a shot at it, killed, and eat for breakfast, the 2-US motions became moot.

(i) However, the 2nd notice of removal should survive to take a careful look into Harvard-CfA plot (with a microscope), and US Court should decide on the Qs:

. Who controls and administers Harvard-CfA plot—is it Harvard College (HCO/University), the private non-profit, or the Smithsonian, a 'trust instrumentality of the US'? And, what is the purpose of the joint-venture between Harvard-Smithsonian—is it 50:50 control to administer Harvard-CfA plot?

. If NASA contract is exclusively 'won' by Smithsonian, why or how Charles Alcock, a professor of astronomy at Harvard, became an employee of Smithsonian

& single Director CfA-CXC in this joint-venture plot, and what are the terms in the contractual-relationship between Harvard-Smithsonian?

(ii) On April 7, 2020, Prof. Alcock declares under penalty of perjury, in the 2nd notice of removal that*: (*similarly Dr. Brissenden declared in 1st notice of removal):

. In 1991, Smithsonian, by and through SAO, competed for and won the NASA contract to develop and operate the CXC;

. I have been employed by the Smithsonian since 2004;

. CfA is a collaboration between SAO and Harvard University.. Smithsonian joined with Harvard to form CfA..

. CXC contract has a budget of ~$55 million supporting.. 120 Smithsonian employees and 45 subcontract staff.

That's ~$1.65B since 1991, just on this one deal—how much more of Peoples' $ flow into Harvard via Smithsonian in all deals, if any, is unknown.

If Smithsonian is doing this NASA contract as a front, being a "trust instrumentality of the US", what role Harvard plays from behind—using Smithsonian as a shield against liability or lawsuits. And, who is the 'real-party of interest' in this joint-venture or Harvard-CfA plot?

(iii) See how Harvard-CfA plot works:
. Prof. Alcock declares "In order to enable the best science, the CXC issues.. call for proposals, conducts a peer review.., and selects a set of winning proposals based on scientific merit.."
And, see the words of Dr. Wilkes, program-director, on July 29, 2019 (Exb. P1, below):
"The identity of the reviewers for Chandra proposals is kept confidential, so I am unable to give you (or anyone) their names.. The grade of 0.0 assigned to your proposal is reserved for proposals that are not feasible to be made with (CXC).. This grade is not assigned without discussion, review and agreement with CXC staff".

. The key-point or summary is this:
Harvard best science yields 0.0 truth about reality in Cosmos for $--Bs in >30 Yrs.
The science by a volunteer yields the truth of reality in Cosmos for $0 in 14 Yrs.
Hence, this 'dispute' which revolves around 'waste-fraud v. truth-reality'.
It is as simple as that.

US attorney should have investigated to find what's going on.., and not take the 'word' of CfA to deceive the US Court (like expert-lawyers do..). Therefore, only an oral-hearing and a proper-discovery can end this dispute, promptly—since no one is taking my offer to settle amicably. Harvard lawyers & US attorney think the 'plot' can win, truth has no chance—because, truth always looks weaker..

4. Until we get into the plot, look at the alleged-facts (as of 03/10/2020) below:
@1.4: Defendant director *CfA-CXC Center for Astrophysics, Harvard-Smithsonian, an independent Contractor to NASA, conducts business for its' selfish-benefit/power, with plaintiff under the state of Delaware laws.
*The combination (or joint-venture) of the Harvard College Observatory (HCO) and the Smithsonian Astrophysical Observatory (SAO) is known as the Center for Astrophysics |

CENTER FOR

ASTROPHYSICS

Harvard-Smithsonian (CfA)—see CfA website HARVARD & SMITHSONIAN

CfA History
On July 1, 1973, the Smithsonian Institution and Harvard University formalized their collaboration as the Harvard-Smithsonian Center for Astrophysics (CfA) to coordinate the related research activities of the Harvard College Observatory (HCO) and Smithsonian Astrophysical Observatory (SAO) under *a single director*. Today, the two observatories retain their separate identities, each responsible to its parent organization; however, the *joint venture* draws on the coordinated strengths of the two organizations and the combined staffs in six research divisions.
*single director & joint venture* is critical to decide: 'whether the *joint venture* is a contractor or agency' on NASA contract, and 'who is the proper-party to sue'?
HCO Home (CfA)
Director's Office (DO)
**About Us**
The Director's Office of the Harvard-Smithsonian Center for Astrophysics (CfA) provides leadership and administrative direction to the CfA and consists of the Director *Charles Alcock* of the Harvard College Observatory (HCO) and of the Smithsonian Astrophysical Observatory (SAO) and his staff. The Director's Office oversees the science, technical service, and administrative service groups.
**Staff**
Who does what?
**Contact**
**Director:** *Charles Alcock* (617) 495-7100
**Assistant to the Director:** Susan Hessenthaler (617) 495-7102
**Deputy Director:** *Roger Brissenden* (617) 495-7387
(Continued........................)
Advancement Contacts Dept. of Astronomy Director's Office Intranet Privacy Resources
HARVARD-SMITHSONIAN CENTER FOR ASTROPHYSICS | 60 GARDEN STREET | CAMBRIDGE, MA 02138

Director's Office: Who Does What?

*Charles Alcock* (617-495-7100) is Director of the Harvard-Smithsonian Center for Astrophysics, Director of the Smithsonian Astrophysical Observatory, Director of the Harvard College Observatory, and Professor of Astronomy at Harvard University. Dr. Alcock is also the principal investigator for the Taiwan-America Occultation Survey.

*Roger Brissenden* (617-495-7387) is Deputy Director for the Harvard-Smithsonian Center for Astrophysics. Dr. Brissenden is also the Manager of the Chandra X-ray Center and Associate Director for NASA's High Energy Astrophysics Science Archive Research Center.

Search for more Data & find the Chart (below):

Chandra X-ray Center (CXC) Organization Chart

- o Marshall Space Flight Center
  Space Systems Programs & Projects Office
  Martin C. Weisskopf - Project Scientist
  Helen Cole - Project Manager
- o Chandra X-ray Center Program Office*
  Belinda Wilkes Director
  Roger Brissenden Program Manager
  Tom Aldcroft/Scott Wolk Flight Directors
  Claude Canizares (Associate Director for MIT)

*Director CfA-CXC, as a single director for the *joint venture*, is the proper-property to sue? Under program office, there is a director for science division—Program Office Director at CXC, who can't be a proper-party to sue until evidence at discovery shows:

The Program Office Director at CXC sent an email to Mikki—Exb. P1
**From:** Wilkes, Belinda [mailto:bwilkes@cfa.harvard.edu]
**Sent:** Monday, July 29, 2019 12:00 PM
**To:** stmmrv@verizon.net
**Cc:** Belinda Wilkes <bwilkes@cfa.harvard.edu>
**Subject:** Your Chandra proposal
Dear Mikki,

Your question on the review of your Chandra proposal was forward to me.
The identity of the reviewers for Chandra proposals is kept confidential, so I am unable to give you (or anyone) their names. Panel members are drawn from the general astronomical community as experts in science categories and observing with Chandra, as is typical of all similar reviews throughout our community.

The grade of 0.0 assigned to your proposal is reserved for proposals that are not feasible to be made with the Chandra X-ray Observatory, as was stated in the report.
This grade is not assigned without discussion, review and agreement with CXC staff.
Chandra has a resolution of 0.5" and a very small field of view of up to 30', depending on instrument selection. As you know, we have a detailed website which describes our capabilities and the parameters of our instruments. Please refer to the Proposers' Observatory Guide for detailed information, http://cxc.cfa.harvard.edu/proposer/POG/

Your target does not have coordinates at which we can point to the accuracy required to ensure that it lies in our small field of view, it is also not demonstrated to be an X-ray source. I also note that Chandra observing time is over-subscribed by a factor of 5:1, so obtaining observing time is highly competitive.

With best regards,

**Dr. Belinda Wilkes** *Director, Chandra X-ray Center*
*Senior Astrophysicist, Smithsonian Astrophysical Observatory*
bwilkes@cfa.harvard.edu 617-495-7268
Website: cfa.harvard.edu/belinda-wilkes/

@2.0: At this stage Mikki is the sole-principal of the Website '*Mahesvar*' or 'Maheswar.Org' with its server at Godaddy:

(i) The primary purpose of the Website '*Mahesvar*' is to bring 'skills' together, do more research to understand 'Reality of The Creator' (*Indra*), Neutron or DNA: educate all The People. Thus, People with knowledge can counter the 'fiction' created by Einstein, Hubble, Sagan & disciples, like Paul Hertz of NASA*
*Refused to review this research in 2008CE, because astronomers-climate scientists are unable to accept binary-stars, Sun-Sirius, as the cause for climate-change:

Hence, the misled Pres. Obama said—see Obama's message to Mikki in April 2016:
"..99% of scientists show... global climate has been rapidly changing... changes are being driven primarily by human emissions of greenhouses gases, and the consequences... will... threaten if we do not significantly reverse the pace of emissions... we have seen some of the impacts of climate change in the stronger storms, deeper droughts, and longer wildfire...that have caused so much damage... across America".

(a) The peer reviewers-editors at science-journals have no-clue, either—so, wrote 'we don't need a new-theory, we are satisfied with Einstein theory. The writer-reporter-pundits at media-moguls are good in fiction to 'brain-wash, confuse innocent-people-leaders on the earth, create conflicts and milk $'.

(b) The Astronomers-Scientists on the earth spend Billions-Trillions of $/Yr. without a clue what's going on in Space or on the earth. Life exists on the earth because, Space is filled with 'dark-cold atoms (Neutron, DNA) and light-hot atoms (Sun, RNA)'. So, without Sun, we don't exist.

(c) Likewise, without Sirius (Star, RNA) Virus (*Yamaduta* in *Sanskrit*) doesn't exist—it's all for a purpose, and ancient-*Aryans* knew The Creator has a purpose!
We know, now, the Virus can kill us and we kill other creatures.

(ii) Hence the goal is to operate the Website '*Mahesvar*' to 'educate us for the benefit of us, and by us—the people': ancient-*Aryans* did so, we can.
(a) 50% interest to *Esvar* or '*Eshwar Institute*', not-for-profit Org. IRS 501(c)(3),
(b) 25% interest to 'skill-Contributors & site-Users', and
(c) 25% interest to 'Investors'.

Claim:

Plaintiff v. Defendant director CfA-CXC
1. Negligence and/or gross-Negligence
2. Bad-Faith and/or Fraud
3. Violation of due process under 14th and/or 5th Amend.., under color of law.

I didn't put any $ value in this claim against director CfA-CXC of a private non-profit: it could be 0.0 in the eyes of a volunteer, if truth is allowed to prevail— Truth matters.. Thus, this claim becomes an ancillary, incidental, or auxiliary to the claims against the other 3-defendants in the case.

See State of Ohio v. John Doe, 433 F.3d 502 (6th Cir. 2006)—

Under the general removal statute at 28 U.S.C. § 1441, "civil action" has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court. Barrow v. Hunton, 99 U.S. 80; Bank v. Turnbull, 83 U.S. 190; 29A Fed. Proc., L. Ed. §69:6; 18 A.L.R. Fed. 126.

5. 28 U.S.C. §1446 states in pertinent part that,

"(a) Generally— A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; Generally.—

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The defendant must then comply with the provisions of Title 28 U.S.C. 1446(d) which states that, "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." (Emphasis added).

The defendant must first file the notice of removal with the United States District Court, then serve notice on all adverse parties and finally file a copy of the notice with the clerk of the State court. Another requirement is that all of the defendants who are eligible for removal must sign the removal notice.

(i) Here, the Sec. of State, Delaware, effectuated proper service of process upon defendant director CfA-CXC on July 16, 2019—2nd notice of removal by US didn't contain a copy of all accurate process papers such as Praecipe, Summons & Service "...pursuant to Rule 11 of the FRCP" under 28 USC @1446(a).

. In fact, on July 26, 2019 (10-days after service), the US attorney misrepresented to the US Court at the time of 1st notice of removal that 'summons or initial complaint' etc. was not serviced upon defendant director (see at No. 19-cv-1391).

(ii) Here, the 2nd notice of removal on May 15, 2020, is untimely to file 10-months after the receipt of service or copy of the initial pleading by the defendant director CfA-CXC from Sec. of State, Delaware, on July 16, 2019.

(iii) Also, the US didn't give a written notice to all adverse parties in the case upon filing the 2nd notice of removal in the US Court, or before filing a notice with the clerk of state court on May 15, 2020—there is no evidence of US giving notice to all the parties in the case prior to May 15, 2020. See 28 U.S.C. 1446(d).

<u>Argument on Law</u>:
Therefore, US attorney should withdraw its certification under 28 CFR @15.4(c): "a certification under this section may be *withdrawn*", and the entire case be remanded into the State court under 42 USC @233(c).

See <u>Spark</u> 510 F.2d 1277 (DC Cir.), where that court said:

"While it is clear that due process does not include the right to oral argument on a motion,.. there is a division of authority among the circuits on the issue of whether a motion for summary judgment may ever be granted without affording a hearing to the adverse party."

That relates to a 'motion for summary judgment', not to a 'motion for discovery' involving an 'independent-contractor to State', DC Cir. Continues—

"A more fundamental point.. is that receipt of money from the State is not, without a good deal more, enough to make the recipient an agency or instrumentality of the Government. Otherwise, all kinds of contractors and enterprises, increasingly dependent upon government business for much larger proportions of income than those here in question, would find themselves charged with 'state action' in the performance of all kinds of functions we still consider and treat as essentially

'private' for all presently relevant purposes." See <u>Simkins</u>, supra, 323 F.2d 959 at 967 (4th Cir.), cert. denied, 376 U.S. 938 (1964).

That's precisely what Harvard is doing, here, in CfA fiasco, where Harvard joins hands with Smithsonian, secures NASA contract in the name of Smithsonian (a 'trust instrumentality of the US') as a 'protective-shield' against liability, and keep on milking Peoples' $--Bs, distributes to a select-group of scientists, and do useless research as a waste-fraud. Whereas, US attorneys and lawyers invent or resort to deceit to make judge confused with facts or law to get a desired result—in the process forget Hell-Heaven, a Reality—that's a part of my re-discovery.

Hence, the 3rd Cir. ruling in <u>Anchorage Associates</u> 922 F.2d 168 (3rd Cir.) is on point and an invaluable decision which is directly relevant to my present-situation, involving adequacy of notice and opportunity to be heard:
(1) A hearing, and
(2) Consideration of the Poulis factors:
"The Absence of a Hearing or Consideration of the Poulis actors—whether the attorney's conduct was willful or in bad faith."

In my case, here, the US Court 'denied a hearing, and denied discovery' on willful, bad faith acts of US attorney and/or Harvard-Smithsonian agents using an invisible-shield.

In <u>Greene</u> 136 F.3d 313 (2nd Cir.) said:

"Every circuit to consider the issue has determined that the "hearing" requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court...
The Supreme Court has held that the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations."

In my case, USSC ruling "the right of oral argument as a matter of procedural due process varies" is relevant, because the facts clearly dispute or challenge the scope certification of US attorney:
Therefore, a 'hearing on a motion to remand' (DT 20) should have been held and discovery allowed before a trial under 42 USC @233(c).
Also, see the US Court judge order of Sept. 30, 2019: "Judge Fallen shall conduct all proceedings and hear and determine all motions."

And, contrary to that clear principle of the 'Rule of Law', in my case, the Magistrate judge disregarded the law under 42 USC @233(c).

Whereas, in <u>Dredge Corp</u>. 338 F.2d 456 (9th Cir.) said:
"The facts.. are not in dispute. The district court.., ordered the United States Attorney to file transcripts of the testimony taken in the two agency hearings.. The transcripts of testimony were filed as directed.. after these transcripts were filed, the district court, holding that the findings of the administrative agency were supported by substantial evidence, entered an order in each case granting defendants' motions for summary judgment.."
"Rules 56(c), 78 and 83, read together, authorize district courts to provide by rule that a party desiring oral argument on a motion for summary judgment must apply therefor, in the absence of which oral argument will be deemed to have been waived.., however, there can be no issue of fact in the district court concerning the sufficiency of the evidence taken in an administrative proceeding to support administrative findings. And neither party raised any other issue in the pleadings which would have required or permitted the reception of evidence in the district court."

In my case, the facts are in dispute, and there is no transcript of testimony nor an evidentiary-hearing, and no discovery before a trial under 42 USC @233(c) and/or other relevant statutes.
And, Magistrate judge enters R & R:
(i) With <u>no</u> finding of the facts on the dispute,

(ii) Denied discovery despite alleged willful and bad faith acts by US attorney and/or Harvard-Smithsonian agents, and

(iii) Disregarded relevant-statutes.

Therefore, I respectfully request the Honorable Three-Judge District Court to allow oral-hearing and discovery to determine the 'real-party of interest at Harvard-CfA' and remand the case into state court*.
*I tried to file this pleading on 05/26/2020 using Pacer.gov—but, US Court rejected my request: see copy of email attached, below.
Respectfully,

M.R.Mikkilineni
Plaintiff          Date 05/28/2020   See attached <u>Appendix</u> (Exhibits) Pages A-1 to A-22

-12-
Certificate of Service:

I, Maheswar Mikkilineni, certify that a true and correct copy of this pleading sent on 05/28/2020 by email to:
'Derick.Dailey@usdoj.gov'; 'Civil.Communications@usdoj.gov'; Daughton, Morgan M (Courts) Morgan.Daughton@delaware.gov;
cc: renee.austin2@usdoj.gov; shane.macas@usdoj.gov; caseview.ecf@usdoj.gov; kimberly.rechner@usdoj.gov; usade.ecf@usdoj.gov; 'amy.goodman@delaware.gov'; plus others.
M.R.Mikkilineni

Email from Spacer.gov
**From:** Maheswar Mikki [mailto:stmmrv@verizon.net]
**Sent:** Wednesday, May 27, 2020 7:17 AM
**To:** 'PACERMAIL/SAT/AO/USCOURTS' <pacermail@psc.uscourts.gov>
**Subject:** Website Comment: How do I file a pleading in an existing case?
05/27/2020
Thanks for notifying—you are kind.
I am sorry to note the 'bad news' despite the 'court-rule #3 in a recent Order (see below):
**IN RE: REVISED COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19**
📄Revised Standing Order April 17 2020 (1).pdf
April 17, 2020
Mikki

**From:** PACERMAIL/SAT/AO/USCOURTS [mailto:pacermail@psc.uscourts.gov]
**Sent:** Tuesday, May 26, 2020 5:24 PM
**To:** stmmrv@verizon.net
**Subject:** Website Comment: How do I file a pleading in an existing case?

Good afternoon,

The court rejected your ECF registration request this afternoon:

Pro Se parties must file a Motion in their case requesting E-Filing Rights and have it approved by the assigned Judge before requesting filing rights on NextGen.

You will need to file a motion in your case requesting ECF filing access and have it approved by the judge before you can re-register.

Thank you,
Matthew
PACER Service Center
Phone: 210-301-6440
Toll Free: 800-676-6856
For Frequently Asked Questions: http://www.pacer.gov/psc/hfaq.html
For Account Information: https://www.pacer.gov/psco/cgi-bin/psclogin.pl

(A-1)

## APPENDIX

## EXHIBITS cited in the above Response:

My Request Exhibit 05 20 2020 & Order of Judge Wallace Exhibit 05 21 2020

**From:** Maheswar Mikki [mailto:stmmrv@verizon.net]
**Sent:** Wednesday, May 20, 2020 5:16 PM
**To:** 'Daughton, Morgan M (Courts)' <Morgan.Daughton@delaware.gov>
**Cc:** Derick.Dailey@usdoj.gov; Civil.Communications@usdoj.gov; kswift@wglaw.com;
gfischer@cozen.com; Webmaster-wilm-dc@ded.uscourts.gov
**Subject:** DE case No. N19C-05-123PRW & US CA 20-647

05/20/2020

Thank you so much for the prompt action:

I hope we will have a 'hearing before Honorable Judge Wallace on June 1, 2020 at 9.30am, where I look forward to present facts in the pending Motions, plus:

Why the US attorney's certification was wrong and/or a deceit in the 'Notice of Removal'.

The US attorney may either:

(i) file in the Super. Court a 'specific-statute' or Law that shows the 'Joint-Venture between Harvard University-Smithsonian' is/was a "trust instrumentality of the US", or:

(ii) present evidence to convince the Super. Court why the 'Notice of Removal' and/or certification was proper.

Thanks, Mikkilineni

-------------

**From:** Daughton, Morgan M (Courts) [mailto:Morgan.Daughton@delaware.gov]
**Sent:** Wednesday, May 20, 2020 4:25 PM
**To:** Maheswar Mikki <stmmrv@verizon.net>
**Subject:** DE case No. N19C-05-123PRW & US CA 20-647

Good Afternoon,

This has been docketed

Best,

Morgan

(A-2)

**From:** Maheswar Mikki <stmmrv@verizon.net>
**Sent:** Wednesday, May 20, 2020 2:10 PM
**To:** Webmaster-wilm-dc@ded.uscourts.gov; Daughton, Morgan M (Courts) <Morgan.Daughton@delaware.gov>
**Cc:** Derick.Dailey@usdoj.gov; Civil.Communications@usdoj.gov; kswift@wglaw.com; gfischer@cozen.com; calcock@cfa.harvard.edu
**Subject:** DE case No. N19C-05-123PRW & US CA 20-647

05/20/2020

Dear Case-Manager at DE Super. Court, & Clerk of US Dist. Court (Delaware):

Please File this, my Pleading, for Review and Consider by The Court:

The DE Super. Court set oral-hearing on June 1, 2020 at 9.30am

I request the Court to keep that hearing as scheduled in the interest of Justice for the 'good-reasons' stated below:

On 05/18/2020, I received copies of 'Notice of Removal' etc. from US attorney in the case pending at No. N19C-05-123PRW

So, on 05/18/2020, I sent an email to US attorney (with copies to others)—see below

Relevant facts-alleged:

. Charles Alcock, Director CfA, is the Director of Harvard College Observatory (HCO) and Professor of Astronomy at Harvard University (p.3, Exhibit A)

. Director CfA-CXC, as a single director for the joint venture, is the proper-party to sue—an employee of HCO & Harvard University.

In the Notice of Removal (on p.3), US attorney did acknowledge "the Director CfA-CXC.. was Charles Alcock".

Also, in the Notice Removal (on p.3), US attorney certifies and claims "that Director CfA-CXC.. was an employee of the Smithsonian Institution acting within the scope of his employment.."

Does that mean every-one that works in this venture (or so called joint-venture) as an "independent contractor to NASA" becomes an employee of the Smithsonian Institution to assert "trust instrumentality of the US"?

If true, US attorney & DOJ should disclose that "specific-statute" or Law and show the 'Joint-Venture between Harvard University-Smithsonian' is/was a "trust instrumentality of the US".

That can't be true because, CfA website clearly states "Today, the two observatories retain their separate identities, each responsible to its parent organizations.." (see p.2, Exhibit A)

(A-3)

Hence, US attorney's certification is wrong and/or a deceit upon the court—Notice of Removal must be a Fraud.

I telephoned Clerk's office at the US Dist. Court to find out 'how I may file my pleading..'—no one answered the phone, and I left a message.

And, I am sending this Pleading to the 'Webmaster…' with a request to forward to the Clerk.

Thank you.

Respectfully,

Sd-

M.R.Mikkilineni   05/20/2020

From: Maheswar Mikki [mailto:stmmrv@verizon.net]
Sent: Monday, May 18, 2020 10:50 PM
To: Derick.Dailey@usdoj.gov
Cc: Civil.Communications@usdoj.gov; kswift@wglaw.com; gfischer@cozen.com
Subject: CA 20-647

05/18/2020

Dear Sir, Derick:

I hope you are doing fine—glad to hear from you, today, again on the case:  I didn't expect it, so surprised, a little.

At least, I am glad to see you recognizing Prof. Alcock as the director, not Dr. Wilkes—

Now, I am sure, these experts (plus other virus-experts..) are aware of my >14-Yrs. struggle on behalf of all of us…

Like I suggested before, I am always ready & willing to settle amicably—

For some reason, that didn't happen last time: I hope you and Prof. Alcock consider doing it right this time.

We are here for a short-time, so, better to do righteous-duty before going.. (with the dancing-virus..)

Also, please see my latest message to the virus-experts…

Thank you, Mikki

(A-4)

**From:** Maheswar Mikki [mailto:stmmrv@verizon.net]
**Sent:** Friday, May 15, 2020 1:28 PM
**To:** chenjp@giabr.gd.cn; bcotton@nrao.edu
**Cc:** ----------
**Subject:** DNA-RNA

0515/2020

Hi, Dr. Chen & Dr. Cotton:

I know, the issue is identical at I & II—DNA (neutron, *Indra*), RNA (genes, Sun-Star/planets).

The truth is this: you <u>can't</u> see or sense DNA, you <u>can</u> only see or sense RNA—so, you are spinning the wheel of RNA, aimlessly, and find minor-difference (between some Bat-genes, some Pangolin-genes, some virus-genes etc.)—whereas, I am sure, you know RNA (genes or all work-horses are not identical) is 'created by DNA', as needed to serve a given purpose—agree?

That DNA differs in each individual (man or animal or virus..)—if you knew this simple truth, I am sure, you would not dare to 'act' as if you know 'virus must have come from Bat or Pangolin, and Vaccine is at hand because, I know virus RNA etc.'—that's <u>not</u> good enough:

Now, same is true with 'BHs' at II doesn't exist in Reality—addicts won't listen: see if you can educate a smoker or drinker or gambler or killer of other life etc...

And, see what kind of games being played with BHs "Astronomers have deciphered the dynamics of yet another great trick that monster black holes can play"—this a free will, you know.

That's all...

Maheswar

## I. Are pangolins the intermediate host of the 2019 novel coronavirus (SARS-CoV-2)?

Ping Liu , Jing-Zhe Jiang , Xiu-Feng Wan, Yan Hua, Linmiao Li, Jiabin Zhou, Xiaohu Wang, Fanghui Hou, Jing Chen, Jiejian Zou, Jinping Chen



- Published: May 14, 2020
- https://doi.org/10.1371/journal.ppat.1008421

**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

May 21, 2020

Maheswar Mikkilineni
64 Welsh Tract Road, #203
Newark, DE 19713

Kristen S. Swift, Esquire
Tybout, Redfearn & Pell
750 Shipyard Drive
Wilmington, DE 19899

Laura D. Hatcher, Esquire
Derick D. Dailey, Esquire
Assistant United States Attorneys
1313 N. Market Street
Wilmington, DE 19899

Gregory F. Fischer, Esquire
Cozen O'Connor
1201 North Market Street, Suite 1001
Wilmington, DE 19801

RE:     *Mikkilineni v. PayPal, Inc., et al.*
        C.A. No. N19C-05-123 PRW CCLD

Dear Mr. Mikkilineni and Counsel:

On May 17, 2019, Plaintiff Maheswar Mikkilineni filed suit against Defendants PayPal,

Inc. ("PayPal"), Shijil TS, CEO, GoDaddy.com, LLC ("GoDaddy.com") and Director/Chandra X-

Ray Center for Astrophysics/ Harvard & Smithsonian ("CXC"). (D.I.1).  On June 19, 2019,

Defendant PayPal filed a motion to dismiss Plaintiff's complaint. (D.I. 20). On July 19, 2019,

Defendant GoDaddy.com also filed a motion to dismiss Plaintiff's complaint. (D.I.33).

On July 26, 2019, the United States Attorney for the District of Delaware filed a notice of

removal on behalf of the CXC to the United States District Court for the District of Delaware. (D.I.

36.).

Once the United States filed its removal in the federal district court and its notice of such removal here, that removal was automatic[1] and "[this] court shall proceed no further unless and until the case is remanded."[2] This Court's jurisdiction over the action was suspended from the moment of removal and any further actions taken here, after removal, would be void.[3]

While the case was removed, however, Plaintiff Mikkilineni was undeterred and continued to docket filings with this Court. (D.I. 39, 40, 44, 45, 48-60). Among these filings was one he styled as an "Amended Complaint" filed July 29, 2019. (D.I. 40).

After considering multiple motions filed in the federal proceedings, the District Court on February 21, 2020, ordered the substitution of the United States for the CXC, dismissed the United States as a party, and remanded the remainder of the case back to this Court. (D.I. 80).

Upon remand, Defendants PayPal on March 5, 2020, and GoDaddy.com on March 10, 2020, renewed their respective Motions to Dismiss. Following remand, Plaintiff Mikkilineni also filed other serial putative amended pleadings that added new factual detail and purported to reintroduce CXC as a party defendant. (D.I. 68, 81). The joint hearing date to address these post-

---

[1]   *See* 28 U.S.C. § 1442(a)(1) (permitting removal of state court action to federal district court by the federal government); 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal . . .").

[2]   20 U.S.C. § 1446(d).

[3]   *See* Karl Oakes, *Removal of Actions – Effect on State Court's Jurisdiction, in* 29A Fed. Proc., L. Ed. § 69:99 (2019). *See also State of South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir.1971) (holding that proceedings after filing of notice of removal in state court are void because state court loses all jurisdiction after filing of notice in federal court and in state court); *Holmes v. AC & S. Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004) (citations omitted) ("Any subsequent proceedings in the state court on the case are void ab initio. This suspension of state court jurisdiction does not hinge on whether the removal to federal court is proper."); *Fischman v. Fischman*, 470 F. Supp. 980, 984 (E.D. Pa. 1979) ("We agree with defendant that following removal, exclusive jurisdiction of this action is vested in this court. We therefore believe that plaintiff's actions in reinstituting her complaint in state court and filing an affidavit of service in that action are void and should be vacated.")

remand defense motions and Plaintiff Mikkilineni's pleadings was to be April 29, 2020. (D.I. 63, 66). Due to the then-extant (and now-extended) emergency orders under which the Delaware courts are operating, the hearing had to be rescheduled for June 1, 2020. (D.I. 75).

But on May 15, 2020, reacting to the putative amended pleadings, the United States Attorney for the District of Delaware on behalf of the CXC again removed this case to the United States District Court for the District of Delaware. (D.I. 84). At the time of removal, the Court had not yet ruled which of Plaintiff Mikkilineni's putative amended pleadings, if any, were permitted.[4] Nevertheless, the Court no longer has jurisdiction over this matter and has no authority to make such a determination. Yet again, this Court's jurisdiction over the action was suspended from the moment of this second removal and any further actions taken thereafter would be void.[5] As a result, this Court can again take no action in this case unless or until it, or any part thereof, is remanded.

Regrettably, the Court must cancel the motion hearing currently scheduled for June 1, 2020. This action will now proceed in the United States District Court for the District of Delaware. And, if the previous course of events there is any predictor of what must again happen in this

---

[4]     For instance, Plaintiff Mikkilineni could not have amended his pleadings in this Court on July 29, 2019, because the Court had no jurisdiction over the matter. So anything seen in those papers as an attempt to then add CXC (or any other federal entity) was a nullity. *See* n.3, *supra.* In addition, this Court's rules permit a party a single amendment to a pleading as of right, with any further amendment requiring leave of the Court or consent of adverse parties. *See* Super Ct. Civ. R. 15(a). Thus, the Court could have applied Rule 15 to determine whether any of the attempted amendments by Plaintiff—including those read to re-name CXC (or any other federal entity) as a party—were permissible. *See State v. Sykes,* 2013 WL 3834048, at *2 (Del. Super. Ct. July 12, 2013) (Noting that: (1) decisions on amendments under Civil Rule 15(a) "are entrusted to the sound discretion" of this Court; (2) an amendment may be denied if it would be futile, in the sense that the legal insufficiency of the proposed amendment is obvious on its face; and (3) a proposed amendment is futile if it would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted.).

[5]     *See* n.3, *supra.*

litigation,[6] PayPal and GoDaddy will needlessly but, by law, necessarily have to await their return here to have their motions heard.

Very truly yours,

Paul R. Wallace

PRW/asg

cc:     Prothonotary

---

[6]     *Mikkilineni v. Paypal*, 2020 WL 434330, at *8 (D. Del. Jan. 28, 2020), *adopted,* 2020 WL 871545, at * (D. Del. Feb. 21, 2020).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Maheswar Mikkilineni,
              Plaintiff

v.                                    CA No. 19-1391 CFC

PayPal, Inc.; Shijil TS et.al;
Godaddy.com LLC; Director CXC.
              Defendants.

## Plaintiff Motion to Remand the Case into State court

Honorable Judge:
In reference to my 8/21/2019 Sur-Reply to US Response/Reply & Godaddy Reply
(of 8/15/2019), on 8/24/2019, I discovered new-Facts in the Website "CfA
Harvard-Smithsonian Center For Astrophysics":
HCO Home
Director's Office (DO)

> **About Us**
> The Director's Office of the Harvard-Smithsonian Center for Astrophysics (CfA)
> provides leadership and administrative direction to the CfA and consists of the
> Director *Charles Alcock* of the Harvard College Observatory (HCO) and of the
> Smithsonian Astrophysical Observatory (SAO) and his staff. The Director's Office
> oversees the science, technical service, and administrative service groups.
> **Staff**
> Who does what?
> **Contact**
> **Director:** *Charles Alcock* (617) 495-7100
> **Assistant to the Director:** Susan Hessenthaler (617) 495-7102
> **Deputy Director:** *Roger Brissenden* (617) 495-7387
> (Continued.........................)
> Advancement Contacts Dept. of Astronomy Director's Office Intranet Privacy
> Resources
> 🛡️🌞 HARVARD-SMITHSONIAN CENTER FOR ASTROPHYSICS | 60
> GARDEN STREET | CAMBRIDGE, MA 02138

Click on 'Who does what?' Director's Office: Who Does What: We find more about Director &
Deputy Director: Director *Alcock* is an employee of Harvard U.
*Charles Alcock* (617-495-7100) is Director of the Harvard-Smithsonian Center for Astrophysics,
Director of the Smithsonian Astrophysical Observatory, Director of the Harvard College
Observatory, and Professor of Astronomy at Harvard University. Dr. Alcock is also the principal
investigator for the Taiwan-America Occultation Survey.

*Roger Brissenden* (617-495-7387) is Deputy Director for the Harvard-Smithsonian Center for Astrophysics. Dr. Brissenden is also the Manager of the Chandra X-ray Center and Associate Director for NASA's High Energy Astrophysics Science Archive Research Center.

SAO Home
08/16/2019
.............
The Smithsonian Astrophysical Observatory (SAO) is a "research institute" of the Smithsonian Institution. It is joined with the Harvard College Observatory (HCO) to form the Harvard-Smithsonian Center for Astrophysics (CfA). Because these research activities share Harvard and Smithsonian staff and resources, the links at this website will take you to information posted on the "CfA" pages........(continued)

Advancement  Contact  Director's Office*  Intranet  Privacy  Resources  SI Terms of Use
CENTER FOR ASTROPHYSICS | HARVARD & SMITHSONIAN
60 GARDEN STREET, CAMBRIDGE, MA 02138

*If we click on Director's Office, we get the same page/data like in HCO Home.
SAO Administration

> Technical Services
> Administrative Information Systems
> Central Engineering
> Computation Facility
> John G. Wolbach Library and Information Resource Center
> Model Shop
> Administrative Services
> Director's Office*
> Financial Management
> Human Resources
> Sponsored Programs and Procurement Department
> Travel and Special Events

CfA History
On July 1, 1973, the Smithsonian Institution and Harvard University formalized their collaboration as the Harvard-Smithsonian Center for Astrophysics (CfA) to coordinate the related research activities of the Harvard College Observatory (HCO) and Smithsonian Astrophysical Observatory (SAO) under *a single director\**. Today, the two observatories retain their separate identities, each responsible to its parent organization; however, the *joint venture\** draws on the coordinated strengths of the two organizations and the combined staffs in six research divisions.
*\*single director & joint venture* is critical to decide 'whether the *joint venture* is a contractor or agency' on the Contract with NASA?

If we search for more Data, we see the Chart (below)

Chandra X-ray Center (CXC) Organization Chart

- o   Marshall Space Flight Center
  Space Systems Programs & Projects Office
  Martin C. Weisskopf - Project Scientist
  Helen Cole - Project Manager
- o   Chandra X-ray Center Program Office*
  Belinda Wilkes Director
  Roger Brissenden Program Manager
  Tom Aldcroft/Scott Wolk Flight Directors
  Claude Canizares (Associate Director for MIT)

*Here, under program office, there is a director for science division

In this case at hand, I named the defendant as—
"Director/Chandra X-Ray Center (CXC) for Astrophysics/
Harvard & Smithsonian (CfA), (Independent Contractor to NASA)
60 Garden St., Cambridge, MA 02138"

I didn't name 'CXC Program Office Director' as a defendant—hence, it is the
Director CfA, a single director for the *joint venture*: only a proper discovery will
clarify which director/agent of Harvard & Smithsonian should be named in a suit.
If CfA (HCO/SAO), the *joint venture*, has 'won' the contract from NASA, and it is
that Team which is working with NASA under *a single director Alcock*', an
employee of Harvard U—then, that *director* should be the defendant being an
agent of the *joint-venture*, and in-charge of CXC Program Office.

This case is not against SAO/Smithsonian Institution (Agency of US). Or if the
usage of word "Chandra X-Ray Center (CXC)" is a cause for confusion by US
attorney, please allow me to 'strike' that or allow discovery to resolve it.

The '*joint-venture*' Team of HCO/SAO is working on the 'contract from NASA'
as an independent contractor: so, this *joint-venture* or the single-Director can't be
an 'agency' of US. Or if there is such a <u>law</u> from US Congress, the US attorney is
free to disclose that to the Court and prove this '*joint venture*' between 'Harvard U
& Smithsonian Institution' is an Agency of US. If not, the US attorney should
withdraw its certification under 28 CFR @15.4(c): "a certification under this section may
be *withdrawn*", and the entire case be remanded into the State court under 42 USC
@233(c).

Therefore, plaintiff respectfully requests the Honorable Judge to remand the entire case into State court.

Respectfully,
Sd-
M.R.Mikkilineni
Plaintiff          Date 08/26/2019

Certificate of Service:

I, Maheswar Mikkilineni, certify that a true and correct copy of this pleading sent on 08/26/2019 by email to: kswift@trplaw.com; gfischer@cozen.com & shijil@sparksupport.com (Pvt. Ltd.)
. A copy filed in DE Superior Court.

Note: Per instructions of Mr. Bagett at US attorney on 8/15/2019, I didn't deliver these papers to US attorney.
Sd-
M.R.Mikkilineni

(A-13)
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


Maheswar Mikkilineni,
          Plaintiff
v.                          CA No. 19-1391 CFC

PayPal, Inc.; Shijil TS et.al;
Godaddy.com LLC; Director CXC.
              Defendants.

**Plaintiff's Reply to US attorney's Response to Magistrate's R&R**

US response mailed on 2/18/20 is received to plaintiff on 2/21/20 (hand-delivery by USPS Rep.)—seem like, it takes 3-days to arrive from Wilmington to Newark.

US didn't respond to my 'Specific Objections to Magistrate Judge R & R, especially to the Q: 'Why dismissal with Prejudice'?

However, US did argue making some-<u>points</u> which require <u>Reply</u>—see below:

<u>US Point 1</u>.
Plaintiff filed a lawsuit.. against defendant.. Director/Chandra X-Ray Center for Astrophysics/Harvard & Smithsonian (CfA) (p.2). On July 26, 2019, on behalf of defendant Director, US removed.. action to the US Dist. Court.. (p.2).

<u>My reply</u>:
I filed a lawsuit.. against "Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA), (Independent Contractor to NASA) 60 Garden St., Cambridge, MA 02138".

I didn't file a lawsuit against the '*program* director at CXC', an individual, who maybe an employee of SAO, per Brissenden Decl., *deputy* director of SAO—who reports to a lone 'Director *Charles Aclock* of CfA or SAO/HCO & CXC', an individual employee of Harvard, not of Smithsonian or SAO.

See evidence in CfA website or in my '**Motion to Remand the Case into State court**' filed in this court on Aug. 26, 2019, with evidence—for ready reference I attach Exb. MR.

That evidence, alone, clearly disputes/challenges the scope certification of US attorney, and a 'hearing' on a 'motion to remand' (to be) held before a trial under 42 USC @233(c). In fact, The Honorable Judge of this court Order of September 30, 2019 states:

"Judge Fallen shall conduct all proceedings and hear and determine all motions."

Contrary to the clear principle of the 'Rule of Law', in my case the magistrate judge completely disregarded the law under 42 USC @233(c) and the Order of Honorable Judge of this court.

Now, the US attorney argues almost like the astronomers/scientists have been doing—after genius Kepler & Newton were gone ~400 years ago.

US Point 2.
SAO received a contract from NASA…Brissenden Decl. (p.2).
Director of CXC (caption of Amended Complaint) is a Smithsonian employee (p.2). Plaintiff sued an employee of the Smithsonian .. when she engaged in the communication.. that serves as the basis for plaintiff's claim (p.6).

My reply:
This court-record shows, I disputed that "SAO received a contract from NASA", because it didn't on its own, that makes Brissenden Decl. "false"—NASA contract is with CfA (joint-venture of HCO-SAO) with a lone "Director *Charles Aclock*".
I didn't sue an employee of the Smithsonian.

The *program*-director at CXC, Belinda Wilkes, for the 1st time, in an email on July 29, 2019*-see Exb. P1 (3-days after US attorney filed a 'Notice of Removal' on July 26, 2019 & before I received a copy of that filing on July 30, 2019), states:
"Your question on the review of your Chandra proposal was forward to me"

That email didn't say 'who forwarded my question to her or why after 'Notice of Removal'?
I sent several other emails, earlier—some were answered by CXC clerical-staff, and most were never answered.
Also, in this email she claims as if she is a director at CXC—thus, concealed her true identity as a 'program-office director', a deceit on this court and *pro se*.
*This email was received to me at ~12pm. By that time, I was ready with an amended-complaint to file in the state-court in response to PayPal & Godaddy; then, I added the fact at 4.2(v) based on Dr.Wilkes email, in a hurry & typed email date as 7/25/19 in error, and filed the pleading at 2.23pm.

Moreover, the court-record is clear that the US attorney's 'Notice of Removal' was filed on 7/26/2019 in "bad-faith" to deceive this court and *pro se*: hence, upon my pointing out of those 'bad-faith acts in my prior-pleadings, that US attorney was replaced by another attorney, abruptly—however, US attorney didn't amend or correct prior 'misrepresentations' made in this court, such as—

. Attaching incorrect process papers, praecipe/summons, pursuant to Rule 11 of the FRCP under 28 USC @1446(a)—thus, concealed properly serviced praecipe/ summons by Sec. State of Delaware on July 16, 2019. Then,

. On July 26, 2019, knowingly "misrepresented" to this court and *pro se* that— "At this time of the filing of this Notice of Removal, plaintiff has not yet served the complaint, summons, or any of the ancillary documents on the defendant Director CXC… or on the US".

Thereafter, before I received the Notice of Removal (on July 30, 2019), the US attorney and/or the Harvard-lawyer made the '*program*-director at CXC', Belinda Wilkes, to send me an email on July 29, 2019, for the 1st time, as if she is the 'director of CXC'.
Thus, manufactured evidence to deceive this court and *pro se* and/or to conceal evidence as to who, actually, accepted the service of process from Sec. State of Delaware on July 16, 2019.

Hence, a hearing and discovery is required in this matter.
The magistrate judge denied a 'hearing and discovery' nor consider disputed-facts in the court-record and decided in favor US dismissing my complaint with *prejudice* as if *pro se* asking for justice is a bad-faith act.

US Point 3.
Plaintiff was not entitled to discovery to challenge the scope certification, (p.1).
Judge Fallen.. denied Plaintiff's motions for discovery on the issue of scope certification, (p.3). .. the Magistrate judge could only permit discovery if the certification is based on a different understanding of the facts that is reflected in (plaintiff's) complaint (p.6).

My reply:
The evidence in the court-record as stated in my reply at points 1 & 2, makes it clear that the 'certification' of US attorney is the issue in dispute—

it is not only "based on a different understanding of the facts.. in (my) complaint" by US attorney, but, also, it is based on a 'manufactured' evidence, such as:

. Creating a 'new-director at CXC out of a *program* office director of CXC',
. Making the 'new-director send me an email on July 29, 2019', and
. Hiding a lone 'Director *Charles Aclock*' out of sight in this process.

Therefore, a hearing and discovery is required on the issue of scope certification.

US Point 4.
Local Rule 72.1, a magistrate judge may hear and determine non-dispositive motions and may recommend decisions to the Court on dispositive motions. (In) a pretrial motion, district court should review using the clearly erroneous or contrary to law standard (and).. judge must not reverse a magistrate judge's decision unless the magistrate's factual determinations are completely devoid of minimum evidentiary support...or bear no rational relationship to the supportive evidentiary data (p.3).

My reply:
As stated in my reply at points 1-3 and the evidence provided in the pretrial motions, the district court should review magistrate judge decisions 'using the clearly erroneous or contrary to law standard', and the court must reverse magistrate judge's decision in this matter, because the 'magistrate's factual determinations are completely devoid of minimum evidentiary support or bear no rational relationship to the supportive evidentiary data'.

US Point 5.
Both discovery motions and motions to substitute a party are non-dispositive pretrial matters (p.4). Finding of fact are reviewed only for clear error, justifying reversal only if the court is left with the definite and firm conviction that a mistake has been committed (p.5).

My reply:
As stated in my reply at points 1-3 and based on the evidence provided in my pleadings/motions, it is clear the magistrate judge's finding of fact, if any, is erroneous—hence, the court should review my pleadings/motions and evidence, and reverse the decisions because, magistrate judge has committed a mistake in denying discovery without a hearing in the matter.

US Point 6.

Defendant Director CXC is an employee of the Smithsonian, .. an attorney general's certification, although subject to judicial review, is prima facie evidence.. David C. Weiss, US attorney .., certified and through the civil chief, that defendant Director of CXC was an employee of the Smithsonian.. Given .., the burden then shifts to the plaintiff, who must come forward with specific facts rebutting the certification (p.5). Instead, plaintiff filed a motion for discovery on the issue of certification, arguing, without evidentiary support, that defendant Director CXC is not an employee of the Smithsonian (p.5). .. mere argument is not sufficient to warrant the grant of discovery on the issue of scope certification (p.6). Indeed, discovery is largely limited to situations where there is a factual dispute which would decide the scope of employment issues, as the crux of the certification dispute (p.6). .. the Magistrate judge could only permit discovery if the certification is based on a different understanding of the facts that is reflected in (plaintiff's) complaint (p.6).

My reply:
As stated in my reply at points 1-3, "there is a factual dispute"—see CfA website which clarifies on the issue of Director:

. A lone Director *Aclock* at CfA (joint-venture of HCO-SAO) and Director at HCO & SAO, an employee of Harvard,
. A deputy-Director *Brissenden* at SAO, employee of Smithsonian, and
. A program office director at CXC, which is part of CfA whose Director is *Aclock*.

I didn't sue the *program* office director at CXC—instead, I sued the lone 'Director at CfA or the Director at HCO-SAO & CXC.

As stated in my reply at points 1-3, the US attorney misrepresented to the court that I sued the 'program office director CXC', knowing, I named the 'Director/CXC for CfA'—so, the magistrate judge didn't 'allow a hearing nor permit discovery to find evidence', and decided erroneously in favor of US by dismissing my complaint with prejudice.

US Point 7.
US could not locate any case .. the statute that would require, in every instance .., the magistrate judge to hold a hearing. Plaintiff's reading of the statute is not grounded in any legal precedent (p.7).

My reply:
The magistrate judge disregarded:

. Rule 11 of the FRCP under 28 USC @1446(a) where US attorney knowingly misrepresents evidence,
. 42 USC @233(c) where it mandates the district court for a hearing at a pretrial motion on disputes of certification under 28 CFR @15.4, and
. This court order of September 30, 2019 ".. shall conduct all proceedings and hear and determine.."

Yet, US attorney can't locate or see a statute or law to hold a hearing by magistrate judge.

Conclusion:
Therefore, I request the Honorable Judge to reverse Magistrate Judge decision and allow a hearing and/or order discovery on the question 'who is the proper party to sue in the matter'—whether it is the lone 'Director at CfA (HCO-SAO & CXC)' or the 'program office director at CXC'?

Respectfully,
Sd-
M.R.Mikkilineni
Plaintiff          Date 02/24/2020      attached: Exb.-P1 & Exb.-MR

Certificate of Service:

I, Maheswar Mikkilineni, certify that a true and correct copy of this pleading sent on 02/24/2020 by email to:
'Dailey, Derick (USADE)' <Derick.Dailey@usdoj.gov>; kswift@trplaw.com; gfischer@cozen.com; 'Communications, Civil (CIV)'
Civil.Communications@usdoj.gov; amy.goodman@delaware.gov
And, filed a hard-copy with the Clerk of Superior-Court of Delaware.
Sd-
M.R.Mikkilineni

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


Maheswar Mikkilineni,
             Plaintiff
v.                              CA No. 19-1391 CFC

PayPal, Inc.; Shijil TS et.al;
Godaddy.com LLC; Director CXC.
             Defendants.

**Plaintiff's Motion Re-Consider Court-Order of Feb. 21, 2020: My <u>Reply</u> of <u>Feb. 24, 2020</u> to US attorney's Response to Magistrate's R&R is a Part**

Dear Honorable Judge:

The court-order of Feb. 21, 2020, received to me on Feb. 28, 2020 (I have no clue, why late?). I hope this pleading in continuation of my pleading filed on Feb. 24, 2020 is timely. I, respectfully, request you to consider the 2-pleadings, together, as a Motion to reconsider your Order of Feb. 21, 2020.

I am grateful for educating* me on 'oral-hearing & due process'—to a non-lawyer *pro se*, and I was not aware of those rulings.

However, some of 'those rulings' are not directly applicable nor relevant to the 'facts or law' in in my case—please see below:

In my case, the Key-fact is in dispute:
Who is the proper-party to sue on a claim against an independent-contractor to NASA? And / Or

Whether 'Director of CXC' is also the same single/lone 'Director of CfA (HCO-SAO), an employee of Harvard, or the 'program office director at CXC', an employee of Smithsonian?

See the 'Facts & Law' stated in my pleading of Feb. 24, 2020—these Facts are in dispute with US attorney's certification.

Given the above, see <u>Spark</u> 510 F.2d 1277 (DC Cir.), where that court said:

"While it is clear that due process does not include the right to oral argument on a motion, … there is a division of authority among the circuits on the issue of whether a motion for summary judgment may ever be granted without affording a hearing to the adverse party."

That relates to 'motions for summary judgments', not to 'motions for discovery', involving an 'independent-contractor to State': See <u>Spark</u> where DC Cir. said:

"A more fundamental point.. is that receipt of money from the State is not, without a good deal more, enough to make the recipient an agency or instrumentality of the Government. Otherwise, all kinds of contractors and enterprises, increasingly dependent upon government business for much larger proportions of income than those here in question, would find themselves charged with 'state action' in the performance of all kinds of functions we still consider and treat as essentially 'private' for all presently relevant purposes." See <u>Simkins</u>, supra, 323 F.2d 959 at 967 (4th Cir.), cert. denied, 376 U.S. 938, 84 S.Ct. 793 (1964).

And, in <u>Anchorage Associates</u> 922 F.2d 168 (3rd Cir.) ruling involves adequacy of the notice and opportunity to be heard (1) a hearing and (2) consideration of the Poulis factors:

"The Absence of a Hearing or Consideration of the Poulis actors— whether the attorney's conduct was willful or in bad faith."

In my case, this court 'denied a hearing/discovery on willful/bad faith acts of lawyers at Harvard & US attorney'.

In <u>Greene</u> 136 F.3d 313 (2nd Cir.) said:

"Every circuit to consider the issue has determined that the "hearing" requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court… The Supreme Court has held that the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations."

In my case, USSC ruling "the right of oral argument as a matter of procedural due process varies" is relevant, because the facts clearly dispute/challenge the scope certification of US attorney: so, a 'hearing on a motion to remand' (see Exb.MR, my pleading 2/24/20) should have been held and discovery allowed before a trial under 42 USC @233(c). Also, see this court order of Sept. 30, 2019: "Judge Fallen shall conduct all proceedings and hear and determine all motions."

Contrary to that clear principle of the 'Rule of Law', in my case, the magistrate judge disregarded the law under 42 USC @233(c).

Whereas, in <u>Dredge Corp</u>. 338 F.2d 456 (9th Cir.) said:

"The facts.. are not in dispute. The district court.., ordered the United States Attorney to file transcripts of the testimony taken in the two agency hearings.. The transcripts of testimony were filed as directed.. after these transcripts were filed, the district court, holding that the findings of the administrative agency were supported by substantial evidence, entered an order in each case granting defendants' motions for summary judgment.."

"Rules 56(c), 78 and 83, read together, authorize district courts to provide by rule that a party desiring oral argument on a motion for summary judgment must apply therefor, in the absence of which oral argument will be deemed to have been waived.., however, there can be no issue of fact in the district court concerning the sufficiency of the evidence taken in an administrative proceeding to support administrative findings. And neither party raised any other issue in the pleadings which would have required or permitted the reception of evidence in the district court."

In my case, the facts are in dispute, and there is no transcript of testimony nor an evidentiary-hearing/discovery before a trial under 42 USC @233(c) or other relevant statutes.

And, magistrate judge enters R & R (i) with no finding of facts on disputed-facts, (ii) denied discovery despite alleged willful/bad faith acts by the lawyers at Harvard & US attorney, and (iii) disregarded relevant-statutes.

Therefore, for the reasons cited above, I request the court to re-consider the Order of Feb. 21, 2020 and order discovery, if the court sees merit* under the law.
*Truth/Justice (in *Sanskrit*, the root of English, it is *Nyayam/Dharma*)—or no civilization.
See Exb.V

Respectfully,
Sd-
M.R.Mikkilineni
Plaintiff        Date 03/02/2020

Certificate of Service:

I, Maheswar Mikkilineni, certify that a true and correct copy of this pleading sent on 03/02/2020 by email to:
Derick.Dailey@usdoj.gov; kswift@trplaw.com; gfischer@cozen.com;
Civil.Communications@usdoj.gov; amy.goodman@delaware.gov
Filed a hard-copy with the Clerk of Superior-Court of Delaware.
Sd-
M.R.Mikkilineni