# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 1:20-647-CFC-SRF |
| PAYPAL, INC., SHIJIL TS, CEO SPARKSUPPORT INFOTECH PVT LTD, GODADDY.COM, LLC, DIRECTOR CfA-CXC CENTER FOR ASTROPHYSICS/HARVARD-SMITHSONIAN, | : | |
| Defendants. | : | |

## UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION FOR ORAL HEARING AND DISCOVERY

On behalf of proposed substituted defendant the United States of America, by and through its attorneys David C. Weiss, United States Attorney for the District of Delaware, and Derick D. Dailey, Assistant United States Attorney, the United States submits this Response to Plaintiff's Motion for Oral Hearing and Discovery. In support of its Response, the United States sets forth the following.

1. This is Plaintiff's second attempt at suing an employee of the Smithsonian over the use of the Chandra X-Ray observatory. Plaintiff's first attempt was dismissed by this Court and remanded to state court for lack of subject matter jurisdiction. *See* C.A. No. 19-1391-CFC-SRF, D.I. 35.

2. After the previous action was remanded to state court, Plaintiff filed this Amended Complaint in the Superior Court of the State of Delaware on or about March 16, 2020, adding

Director CfA-CXC Center for Astrophysics/Harvard-Smithsonian ("Defendant") as a defendant. D.I. 1, Ex. A.[1]

3. The United States removed this action to this Court, moved the Court to substitute the United States as the proper party, and filed a motion to dismiss for lack of subject matter jurisdiction on May 15, 2020. D.I. 1, 3, 4.

4. In response to the United States' motion to dismiss, notice of removal, and motion to substitute, Plaintiff filed what he titled "Plaintiff Response to US 2nd Notice of Removal" and "Motion for oral-Hearing & Discovery." D.I. 6. In his papers, Plaintiff disagrees with the United States' certification that Defendant was a Smithsonian employee at the time of the incidents giving rise to this suit. Because he disagrees with the certification, Plaintiff believes he is entitled to discovery and a hearing on the certification.

5. This precise issue was addressed and adjudicated by this Court in Plaintiff's first action, C.A. No. 19-1391-CFC-SRF, D.I. 31, 34, and the Court determined that Plaintiff was not entitled to discovery on scope certification absent Plaintiff providing specific facts to rebut the certification. D.I. 31 (explaining that Plaintiff "failed to proffer specific facts to rebut the certification."); D.I. 34 (explaining that the Magistrate Judge "correctly concluded that discovery was not warranted" and that she was not required to hold a hearing on certification prior to issuing her ruling on Plaintiff's motion for discovery). Now, as then, Plaintiff has failed to come forward with "specific facts to rebut the certification." For this reason, Plaintiff's motion should be denied.

6. The legal standard for discovery on the issue of certification is straightforward. "[T]he Attorney General's certification, although subject to judicial review, is *prima facie* evidence

---

[1] The United States believes that Plaintiff's March 16, 2020 Amended Complaint was improperly filed without leave of court. Nevertheless, out of an abundance of caution, the United States is treating that Amended Complaint as the operating pleading in this litigation.

2

that the employee's challenged conduct was within the scope of employment." *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992). If this certification is disputed, "the burden then shifts to the plaintiff, who must come forward with specific facts rebutting the certification." *Id.* "[D]iscovery and, if necessary, a hearing to determine whether conduct was within the scope of employment" is appropriate under certain circumstances. *Haas v. Barto,* 829 F. Supp. 729, 733 (M.D. Pa. 1993). "However, such a hearing is required only in those special rare circumstances where there is a factual dispute which would decide the scope of employment issue, as the crux of the certification dispute." *Schrob,* 967 F.2d at 935. Indeed, when coming forward with facts, a plaintiff's facts must be such that it becomes clear that the certification is based on a "different understanding of the facts that is reflected in [plaintiff's] complaint [.]" *Brumfield*, 232 F.3d at 380.

7. "[P]ermitting additional discovery when the Attorney General's certification is not based on a different understanding of the facts than is reflected in [plaintiff's] complaint would undermine the intent of the Westfall Act to protect federal employees from responding to state law tort claims." *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000).

8. Here, defendant Director CfA-CXC Center for Astrophyscis/Harvard-Smithsonian is an employee of the Smithsonian, a federal agency. In this context, the certification is *prima facie* evidence that the employee's challenged conduct was within the scope of employment. *Schrob*, 967 F.2d at 935.

9. Pursuant to 42 U.S.C. § 233(c) and 28 C.F.R. § 15.4, a Notice of Certification from David C. Weiss, United States Attorney for the District of Delaware, accompanied the United States' Notice of Removal, certifying that the Defendant "was an employee of the Smithsonian

Institution acting within the scope of his employment at the time of the incidents giving rise to this suit." D.I. 1-2.[2]

10. The burden is now on Plaintiff to "come forward with specific facts rebutting the certification." *Schrob,* 967 F.2d at 935. Plaintiff has failed to do so. Instead, as with Plaintiff's first action, Plaintiff appears to simply disagree with the certification. In disagreeing, Plaintiff claims that facts are in dispute, but he does not identify what they are or what facts he has to offer to dispute them. Mere disagreement, or argument in opposition without specific facts, is not sufficient to warrant discovery on the issue of scope certification. *Wuterich v. Murtha*, 562 F.3d 375, 382 (D.C. Cir. 2009) ("[T]here is no right to even limited discovery … unless and until a plaintiff alleges sufficient facts to rebut the Government's certification."); *see also Borawski v. Henderson*, 265 F. Supp. 2d 475, 482 (D. N.J. 2003) ("[T]he district court should only permit discovery or conduct an evidentiary hearing where there is a 'genuine issue of fact material to the scope of employment question'") (quoting *Schrob*, 967 F.2d at 936).

11. Instead of providing specific facts to undermine the certification, Plaintiff cites four cases in support of his motion. None of the cases, however, support the proposition that a litigant is entitled to discovery and a hearing on scope certification without providing specific facts rebutting certification. In fact, the cases all make clear that Plaintiff does not have an inherent right to a hearing.[3]

---

[2] Laura D. Hatcher, Chief of the Civil Division, submitted the Notice of Certification on behalf of the United States Attorney pursuant to the Department's Justice Manual. *See* JM 4-5.630.

[3] *See Spark v. Catholic University of America*, 510 F.2d 1277 (D.C. Cir. 1975) (holding that the district court was not required to hold an oral argument on a motion for summary judgment and explaining that "due process does not include the right to oral arguments on a motion."); *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1990) (explaining that the district court could not enter summary judgment in favor of the movant based solely on a local rule which allows the court to treat the motion as conceded if the non-moving party does not

4

12. Accordingly, the United States respectfully requests that the Court deny Plaintiff's motion for discovery and a hearing on scope certification. A proposed Order is attached hereto.

        Respectfully submitted,

        DAVID C. WEISS
        United States Attorney

By: /s/ Derick D. Dailey
        Derick D. Dailey
        Assistant United States Attorney
        1313 N. Market Street
        P.O. Box 2046
        Wilmington, DE 19899-2046
        (302) 225-9409

*Attorney for Defendant United States of America*

Dated: June 9, 2020

---

respond within the prescribed time without first determining whether appellant was entitled to summary judgment as a matter of law); *Greene v. WCI Holdings Corp.*, 136 F.3d 313 (2d Cir. 1998) (holding that dismissal without an oral hearing did not violate due process); *Dredge Corp. v. Penny*, 338 F.2d 456 (9th Cir. 1964) ("The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved."); *see also Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 391 (6th Cir. 1975) (denial of an oral hearing before granting a motion to dismiss does not violate "fundamental notions of fairness and due process of law").

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:20-647-CFC-SRF |
| | : | |
| PAYPAL, INC., SHIJIL TS, CEO SPARKSUPPORT INFOTECH PVT LTD, GODADDY.COM, LLC, DIRECTOR CfA-CXC CENTER FOR ASTROPHYSICS/HARVARD-SMITHSONIAN, | : | |
| | : | |
| Defendants. | : | |

## **[PROPOSED] ORDER**

AND NOW, this ___ day of _____, 2020, upon consideration of United States' Response to Plaintiff's Motion for Oral Hearing and Discovery, it is ORDERED that Plaintiff's Motion for Oral Hearing and Discovery is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**