IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Maheswar Mikkilineni,
  Plaintiff
v.        CA No. 20-cv-647 CFC
         Related CA No. 19-cv-1391CFC
PayPal, Inc.; Shijil TS et.al;
Godaddy.com LLC;
Director CfA-CXC.
  Defendants.

**"Three-Judge District Court Requested"**

*Plaintiff Reply to US Response* of June 9, 2020—opposing oral-hearing & discovery

Reply to the items in US Response:

1. In the first attempt US deceit on this court, (i) claim that the defendant director-CXC is the *program*-director, an employee of Smithsonian, and (ii) oppose discovery to conceal evidence, was the real-cause for the dismissal by this court.

2. On 03/10/2020, I requested the state super. court to "please allow me to file this amended-complaint based on newly-discovered evidence on wrongful acts of defendant director CfA-CXC"—see US Exhibit A, Notice of Removal. US, again, habitually, practices deceit on this court stating (see Note1, p.2) "plaintiff's.. amended complaint was improperly filed without leave of court (super. court). Nevertheless, ..US is treating that amended complaint as the operating pleading in this litigation (this court)"—US clearly knew as of May 21, 2020, that pleading was not, yet, allowed by the state super. court (see my Response of May 28, 2020 to US Notice of Removal, Appendix pages A-5 to A-8)—hence, that pleading can't be an operating pleading in this court.

3. Reply not required.

4. It is <u>not</u> true 'because, I disagree with the certification, I believe.. entitled to discovery and a hearing on the certification'—I allege facts that dispute US certification.

5. This court did decide, (i) director-CXC is the '*program* director, an employee of Smithsonian', discarding the facts in CfA website, and (ii) not allowing discovery or oral-hearing, based on US wrongful certification in the first action.

The specific facts are in CfA website, which evidence, this court refused to review by 'discarding' my pleading from the record—see my Response of May 28, 2020 at 1(i). That's a reason for my Request for a "Three-Judge District Court" under local rule, in the present action.

6. I did dispute US certification—see my Response of May 28, 2020 to US Notice of Removal: that states specific facts at 4., from CfA website, which rebut US certification. And, relevant evidence to be discovered, yet—such as:

See at 3(i).. take a careful look into Harvard-CfA plot (or scheme)—who controls.. Harvard College (HCO/University).. or Smithsonian? If NASA contract is exclusively won by Smithsonian, why or how Charles Alcock, a professor of astronomy at Harvard, became an employee of Smithsonian & single director CfA-CXC in this joint-venture plot (scheme)..?

See at 3(ii).. If Smithsonian is.. a front, ..what role Harvard plays from behind— using Smithsonian as a shield against liability..? Who is the real-party of interest in this joint-venture?

A proper discovery of evidence on the above disputed-issues or facts would expose Harvard fraud to pocket peoples' $ and US wrongful certification.

7. As stated above in 6, the specific facts in CfA website (at 4) and discovery of evidence at 3(i) & 3(ii), plus an oral-hearing in a conference-call (if virus would prohibit oral-haring in person) can determine 'whether the conduct of Charles Alcock was within the scope of employment with Smithsonian or his conduct was as a director of HCO/Harvard'—see Schrob 967 F.2D 929 (3rd Cir.). Such an additional discovery, in this particular instance, would help determine that the US certification is based on a different understanding of the reality of facts, and this is a scheme, a fraudulent scheme by Harvard using Smithsonian as a front..—see Brumfield 232 F.3d at 380 (3rd Cir.).

8. See reply above in 7.

9. See reply above in 6 & 7. At Note2, p.4 US says: "Laura Hatcher, Chief of Civil Div., submitted the Notice of Certification on behalf of the US attorney pursuant to the Dept.'s Justice Manual. See JM 4-5.630"—that Notice of Certification was 'false and/or misrepresentation'. See at 5(i)-(iii) in my Response of May 28, 2020 to US Notice of Removal. So, discovery is required whether or not Sec. of State,

Delaware, effectuated proper process of service upon defendant director CfA-CXC on July 16, 2019.

10. As stated above in 6 & 7, I raised a 'genuine issue of material fact to the scope of employment question'—hence, discovery of evidence should be allowed.

11. As stated above in 6, 7, 9 & 10, the specific facts undermine US certification, if discovery and oral-hearing is held per the rule in Anchorage Asso., 922 F.2d 168 (3rd Cir.); USSC rule in Greene 136 F.3d 313 (2nd Cir.). See Spark 510 F.2d 1277 (DC Cir.) ".. whether a motion for summary judgment may ever be granted without affording a hearing to the adverse party"—here, in my case, US wants this court to deny discovery, deny oral-hearing, and dismiss amended-complaint summarily, although this claim against Harvard CfA scheme is an ancillary, incidental, or auxiliary to the claims against the other 3-parties in the state court. See State of Ohio 433 F.3d 502 (6th Cir.)

12. Accordingly, discovery and an oral-hearing should be allowed in this US scope certification—or Harvard fraud on the people will continue using Smithsonian as the front, and Billions of peoples' $ go waste forever...

Motion: I request this court to permit me to file pleadings using Pacer.gov—because, someone at this court rejected my earlier request to do so.

Respectfully,
Sd-
M.R.Mikkilineni
Plaintiff           Date 06/15/2020

Certificate of Service:

I, Maheswar Mikkilineni, certify that a true and correct copy of this pleading sent on 06/15/2020 by email to:
'Derick.Dailey@usdoj.gov'; 'Civil.Communications@usdoj.gov'; Daughton, Morgan M (Courts) Morgan.Daughton@delaware.gov;
cc: renee.austin2@usdoj.gov; shane.macas@usdoj.gov; caseview.ecf@usdoj.gov; kimberly.rechner@usdoj.gov; usade.ecf@usdoj.gov; 'amy.goodman@delaware.gov'

sd-
M.R.Mikkilineni