IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-647-CFC-SRF |
| | ) | |
| PAYPAL INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I.   INTRODUCTION

Plaintiff Maheswar Mikkilineni ("plaintiff") proceeds *pro se* in this action against

defendants PayPal, Inc. ("PayPal"), Shijil TS/Sparksupport Infotech Pvt Ltd. ("Shijil"),

GoDaddy.com, LLC ("GoDaddy"), and Director CfA-CXC Center for Astrophysics/Harvard-

Smithsonian ("the Director of CfA-CXC").  Plaintiff filed an amended complaint on March 10,

2020, in the Superior Court of Delaware, in a second attempt to assert causes of action against an

employee of the Smithsonian for negligence and/or gross negligence, bad faith and/or fraud, and

violations of his constitutional rights.  (D.I. 1, Ex. A)  Presently before the court are the

following motions by the United States of America (the "United States")[1]: (1) the motion to

substitute party (D.I. 3),[2] and (2) the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6) (D.I. 4).[3]  Also pending before the court are plaintiff's various requests for relief, which

---

[1] The United States is not a named defendant but seeks to be substituted in place of defendant
Director of CfA-CXC.  (D.I. 3)

[2] The United States filed its opening brief (D.I. 3) on May 15, 2020.  Under D. Del. LR 7.1.2(b),
plaintiff's answering brief was due on or before May 29, 2020, but plaintiff did not file an
answering brief.

[3] The United States filed its opening brief (D.I. 4) on May 15, 2020.  Under D. Del. LR 7.1.2(b),
plaintiff's answering brief was due by May 29, 2020.  Plaintiff did not file an answering brief.

he combined in a single filing: (1) the motion for discovery and oral hearing, (2) the motion for convening a three-judge panel, and (3) the motion to remand.  (D.I. 6)[4]  For the following reasons, I recommend GRANTING the United States' motion to substitute party, GRANTING the United States' motion to dismiss, DENYING plaintiff's motion for discovery and oral hearing, DENYING plaintiff's motion to convene a three-judge panel, and DENYING-IN-PART and GRANTING-IN-PART plaintiff's motion to remand.

## II.  BACKGROUND

### a.    Procedural History

On May 17, 2019, plaintiff initiated this action in Delaware Superior Court.  (C.A. No. 19-1391, D.I. 1, Ex. A)  On July 26, 2019, the United States filed a notice of removal to this court, a motion to substitute itself as a party to replace defendant Director/Chandra X-ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA), and a motion to dismiss the case for lack of subject matter jurisdiction.  (C.A. No. 19-1391, D.I. 1; D.I. 3; D.I. 4)  In response, plaintiff filed an amended complaint, motions for discovery, and motions to remand to Delaware Superior Court.  (C.A. No. 19-1391, D.I. 5; D.I. 13; D.I. 14; D.I. 20)  On January 28, 2020, the court issued a report and recommendation, which, among other things, recommended granting the United States' motion to substitute a party, denying plaintiff's motions for discovery, granting the United States' motions to dismiss, and granting-in-part and denying-in-part plaintiff's motions to remand.[5]  *Mikkilineni v. Paypal Inc.*, C.A. No. 19-1391-SRF, 2020 WL 434330, at *8

---

[4] The briefing for the pending motion for discovery is as follows:  plaintiff's opening brief (D.I. 6), the United States' answering brief (D.I. 7), and plaintiff's reply brief (D.I. 8).  Plaintiff titled his motion "Plaintiff Response to US 2nd Notice of Removal and Motion for Oral-Hearing and Discovery."  (D.I. 6)

[5] The court recommended granting plaintiff's motion to remand plaintiff's supplemental state law claims against defendants GoDaddy, PayPal, and Shijil.  *Mikkilineni v. Paypal Inc.*, C.A. No. 19-1391-SRF, 2020 WL 434330, at *8 (D. Del. Jan. 28, 2020).

(D. Del. Jan. 28, 2020).  On February 18, 2020, plaintiff filed objections to the report and recommendation.  (C.A. No. 19-1391, D.I. 32)  On February 21, 2020, the court overruled plaintiff's objections and adopted the report and recommendation.  *Mikkilineni v. Paypal Inc.*, C.A. No. 19-1391-CFC, 2020 WL 871545, at *2 (D. Del. Feb. 21, 2020).

On March 10, 2020, seemingly in response to this court's dismissal of plaintiff's prior claims against the United States in C.A. No. 19-1391, plaintiff filed a substantially similar amended complaint[6] against defendants PayPal, Shijil, GoDaddy, and the Director of CfA-CXC in the Delaware Superior Court.[7]  (D.I. 1, Ex. A)  On May 15, 2020, the United States, on behalf of the Director of CfA-CXC, again removed the case to this court pursuant to 28 U.S.C. §§ 1442(a)(1), the federal officer removal statute,[8] and 42 U.S.C. § 233(c).  (D.I. 1)  That same day, the United States filed motions to substitute itself in place of the Director of CfA-CXC and to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (D.I. 3; D.I. 4)  On May 28, 2020, plaintiff filed a motion for discovery and oral argument, requested a three-judge district court panel, and moved to remand the case in response to the notice of removal.  (D.I. 6)

---

[6] The differences between the amended complaint currently at issue and the operative pleading the first time this case was removed are: (1) plaintiff changed defendant's name from Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA) to Director CfA-CXC Center for Astrophysics/Harvard-Smithsonian; (2) plaintiff included additional allegations about email exchanges between himself and the Director of CfA-CXC's office; and (3) plaintiff added a bad faith and/or fraud claim and conclusory allegations of constitutional violations against the Director of CfA-CXC.  (C.A. No. 19-1391, D.I. 5; C.A. No. 20-647, D.I. 1, Ex. A)

[7] The Delaware Superior Court action is C.A. No. N19C-050123 PRW CCLD.  (D.I. 1, Ex. A; D.I. 7 at 17)

[8] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  28 U.S.C. § 1442(a)(1).

As a preliminary procedural matter, plaintiff argues that the amended complaint is not the operative pleading in this litigation because it was improperly filed without leave of the Delaware Superior Court.  (D.I. 8)  In support of his argument, plaintiff attached the letter of Judge Wallace, the Delaware Superior Court judge presiding over the related state court proceedings.  (D.I. 6 at A-5–A-8)  Judge Wallace scheduled a hearing to address plaintiff's "serial putative amended pleadings," as well as pending motions filed by the state court defendants.  (*Id.* at A-6–A-7)  Judge Wallace was prepared to address plaintiff's attempted amendments, including plaintiff's second attempt to include the federal defendant, the Director of CfA-CXC.  (*Id.* at A-7 n.4)  However, the removal by the Director of CfA-CXC, even if deemed premature or improper, suspended state court jurisdiction over the case.  (*Id.* A-7 n.3) Thus, this court will view the amended complaint favorably to the plaintiff, as if amendment was permitted, since both sides in the pending matter have argued their respective motions in reliance upon it as the operative pleading.[9]

---

[9] Judge Wallace also stated that after this case was first removed from Superior Court, plaintiff was "undeterred and continued" to make filings in that court.  (D.I. 6 at A-6)  Judge Wallace noted further that plaintiff "filed other serial putative amended pleadings" in Superior Court upon the district court's first remand on February 21, 2020.  (*Id.*)  Other courts have also noted plaintiff's habit of serial filing.  *See, e.g.*, *Mikkilineni v. Gibson-Thomas Eng'g Co*, 379 F. App'x. 256, 257 (3d Cir. 2010) ("Mikkilineni . . . is well-known to this Court. . . The District Court directed the Clerk not to accept any other pro se complaints from Mikkilineni unless he obtained prior authorization from the court."); *Mikkilineni v. Penn Nat'l Mut. Cas. Ins. Co.*, 271 F. Supp.2d 142, 143 (D.D.C. 2003) ("To protect the integrity of the courts and to prevent further harassment of the defendants, the plaintiff's filing of duplicative claims must stop.  Accordingly, the court grants the defendants' motion for an order prohibiting the plaintiff from filing new complaints in this court without leave."); *Mikkilineni v. Amwest Sur. Ins. Co.*, 919 A.2d 306, 308 n.1 (Pa. Commw. Ct. 2007) (noting that this plaintiff had "filed over 100 complaints in courts throughout the country").  Plaintiff has not been deterred by the formalities of court rules and affirmatively relies upon the averments in the amended complaint to make his various arguments and requests for relief in the instant case.  Accordingly, the court treats the amended complaint as the operative complaint for the matters currently before the court.

**b.     Facts[10]**

On March 13, 2019, plaintiff sent a formal proposal, entitled "Neutron (Dark Object or DNA) within Solar Sun-Sirius System," to the Director of CfA-CXC.[11]  (D.I. 1, Ex. A at 16)  On the same day, the Director of CfA-CXC's clerk sent plaintiff confirmation of having received his proposal.  (*Id.*)  On May 8, 2019, plaintiff emailed the Director of CfA-CXC, writing "[p]lease advise me on the status on or before May 14, 2019 or I may have to assume you have 'no' interest to review-consider the proposal, and I am free to initiate an 'action' under the laws."  (*Id.*)  On May 30, 2019, the Director of CfA-CXC's clerk responded and noted that proposals were subject to peer reviews that were not open to the general public.  (*Id.*)  The clerk told plaintiff that applicants who had submitted proposals could expect to be notified of the results of their peer review within a few weeks of the closing date.  (*Id.*)

On July 25, 2019, an individual from the Director of CfA-CXC's office notified plaintiff that his proposal had not been selected.  (*Id.* at 16–17)  The Director of CfA-CXC's office noted that it had received 516 proposals and, given available observing time and funding, only 168 were accepted.  (*Id.*)  The Director of CfA-CXC's office also explained that no proposal with a grade below 3.5 was recommended for inclusion in the Chandra observing program and that

---

[10] The facts in this section are based upon allegations in the amended complaint, which the court accepts as true for the purposes of the present motion to dismiss.  *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).  Citations to D.I. 1, Ex. A in this section pertain to the amended complaint, attached to the notice of removal.  (D.I. 1)

[11] The Smithsonian Astrophysical Observatory ("SAO") conducts astrophysical research and joins with the Harvard College Observatory to form the Center for Astrophysics.  (D.I. 4, Ex. C at 1-2)  The Smithsonian Institute (the "Smithsonian"), by and through SAO, won the National Aeronautics and Space Administration ("NASA") contract to develop and operate the Chandra X-ray Center.  (*Id.* at 2)  This NASA contract includes conducting the operations for the Chandra X-ray Observatory, a "space-based X-ray telescope providing the highest angular-resolution observations of the high-energy Universe of any telescope in the world."  (*Id.*)  On an annual basis, the Chandra X-ray Center invites scientific proposals, conducts a peer review of the proposals, and selects a few winning proposals based on scientific merit.  (*Id.*)

plaintiff's proposal received a grade of "0.00."  (*Id.*)  Plaintiff was told that his proposal was not

feasible because his proposed "target [did] not have coordinates at which we can point to the

accuracy required to ensure that it lies in our small field of view" and because the proposed

target was "not demonstrated to be an X-ray source."  (*Id.* at 4)  Plaintiff asserts claims of

negligence and/or gross negligence, bad faith and/or fraud, and violations of his due process

rights under the Fifth and Fourteenth Amendments against the Director of CfA-CXC.  (*Id.* at 20)

## III.  LEGAL STANDARDS

### a.  Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of

jurisdiction over the subject matter, or if the plaintiff lacks standing to bring its claim.  Motions

brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject

matter jurisdiction.  *See Lincoln Ben. Life. Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)

(quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009)).  In

reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply.

In this regard, the court must accept all factual allegations in the complaint as true, and the court

may only consider the complaint and documents referenced in or attached to the complaint.  *See*

*Church of Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir.

2008); *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  In reviewing a

factual challenge to the court's subject matter jurisdiction, the court is not confined to the

allegations in the complaint.  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891

(3d Cir. 1977).  Instead, the court may consider evidence outside the pleadings, including

affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction.[12]  *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).  Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists.  *See Lincoln*, 800 F.3d at 105; *Mortensen*, 549 F.2d at 891.

      **b.**      **Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff.  *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims."  *In re Burlington Coat*

---

[12] To explain the relationship between the SAO and the Chandra X-ray Center as it relates to subject matter jurisdiction, the United States has submitted the declaration of Charles Alcock. (D.I. 4, Ex. C)  The declaration provides that the Smithsonian, by and through the SAO, won the NASA contract to develop and operate the Chandra X-ray Center, which includes operations of Chandra, a space-based x-ray telescope.  (*Id.* at 1-2)

*Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted).  This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]."  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

### a.      The United States' Motion to Substitute Party[13]

The United States moves to substitute itself in place of defendant Director of CfA-CXC.[14]  (D.I. 3)  David C. Weiss, United States Attorney for the District of Delaware, pursuant to his authority under 24 U.S.C. § 233(c) and 28 C.F.R § 15.4, certified that defendant Director CfA-CXC Center for Astrophysics/Harvard-Smithsonian was an employee of the Smithsonian Institution and was acting within the scope of his employment at the time of the incidents giving rise to this suit.  (D.I. 3, Ex. B)  Plaintiff failed to respond directly to the United States' motion; however, plaintiff disputes the facts in the certification and seeks discovery to probe those facts,

---

[13] The United States' motion to substitute party is "a non-dispositive pretrial matter that can be determined by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)."  *Eastman Chemical Company v. Alphabet Inc.*, C.A. No. 09-971-LPS-CJB, 2011 WL 13054223, at *1 n.1 (D. Del. Dec. 9, 2011) (internal quotation marks omitted) (quoting *Finova Capital Corp. v. Lawrence*, 2000 WL 1808276, at *1 n.1 (N.D. Tex. Dec. 8, 2000)).  Therefore, the court's ruling on this motion is subject to Fed. R. Civ. P. 72(a).

[14] Under the Westfall Act, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and *the United States shall be substituted as the party defendant*."  28 U.S.C. § 2679(d)(1) (emphasis added).

which the court addresses in section IV.b, *infra*. (D.I. 6 at 3–5, 9–11)

The arguments related to the substitution of the United States for the Director of CfA-CXC by both the United States and plaintiff mirror the arguments made the first time this case was removed to this court.[15] To defeat the United States' motion to substitute, plaintiff was required to "come forward with specific facts rebutting" the U.S. Attorney's certification that the Director of CfA-CXC was an employee of the Smithsonian, an agency of the federal government, acting within the scope of his employment during the time period relevant to this action. *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992); *In re Subpoena In Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008). Plaintiff has failed to meet his burden to rebut the certification. (D.I. 6) Instead of providing specific facts to rebut the certification, plaintiff cites four cases to support his argument that the United States "should withdraw its certification." (D.I. 6 at 9–11) However, the cases plaintiff cites and which the court addresses in section IV.b, *infra*, have nothing to do with a party's right to conduct discovery on a U.S. Attorney's certification. Therefore, the United States' motion to substitute party is granted.

### b. Plaintiff's Motion for Discovery and Oral Hearing[16]

In response to the United States' certification that the Director of CfA-CXC was an employee of the Smithsonian during the relevant time period, plaintiff seeks discovery and an oral hearing to "take a careful look into Harvard-CfA plot" and to determine whether Harvard or the Smithsonian "controls and administers" the Chandra X-ray Observatory. (D.I. 6 at 3–4)

---

[15] The court directs the parties to this court's prior report and recommendation and the memorandum adopting the report and recommendation for a review of the law on this point. *Mikkilineni v. Paypal Inc.*, C.A. No. 19-1391-SRF, 2020 WL 434330 (D. Del. Jan. 28, 2020); *Mikkilineni v. Paypal Inc.*, C.A. No. 19-1391-CFC, 2020 WL 871545 (D. Del. Feb. 21, 2020).

[16] Plaintiff's motion for discovery is nondispositive and, therefore, the court's rulings on these motions are subject to Fed. R. Civ. P. 72(a).

Although discovery and oral hearings are sometimes appropriate, a hearing is required only "where there is a factual dispute which would decide the scope of employment issue, as the crux of the certification dispute." *Schrob*, 967 F.2d at 935; *Haas v. Barto*, 829 F. Supp. 729, 733 (M.D. Pa. 1993).  Here, the U.S. Attorney's certification is *prima facie* evidence that the Director of CfA-CXC was an employee of the government acting within the scope of his employment in the relevant time period.  *See id.*  As already discussed, plaintiff bears the burden to proffer specific facts to rebut the certification and has failed to do so.  (D.I. 6; D.I. 8)

Plaintiff has not argued that the certification misinterprets the allegations in the amended complaint.  Instead, plaintiff argues that due process requires that the court grant him a hearing and allow him discovery to determine the scope of employment issue.  (D.I. 6 at 9–11)  However, the cases plaintiff cites do not support his argument.  *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) ("[N]o oral hearing is required by the Due Process Clause" for "motions to dismiss in civil cases."); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 169, 178 (3d Cir. 1990) (holding "that if a motion for summary judgment is filed in a court with a local rule . . . and the opponent fails to respond, a district court may process the motion in accordance with Rule 56 without scheduling a hearing and conducting an inquiry into the Poulis factors"); *Spark v. Catholic Univ. of Am.*, 510 F.2d 1277, 1280 (D.C. Cir. 1975) ("[D]ue process does not include the right to oral argument on a motion."); *Dredge Corp. v. Penny*, 338 F.2d 456, 462 n.14 (9th Cir. 1964) ("The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved.").

In addition, this court already addressed plaintiff's Fifth Amendment Due Process Clause arguments on this same issue.  *Mikkilineni*, 2020 WL 871545, at *1–2.  Because this court

already ruled on this issue, the court's prior ruling continues to govern the case. *Matter of Resyn Corp.*, 945 F.2d 1279, 1281 (3d Cir. 1991) ("[W]hen a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation."). The court's prior ruling cited Federal Rule of Civil Procedure 78(b), District of Delaware Local Rule 7.14, and several case authorities, all of which supported the conclusion that plaintiff's due process rights were not violated by this court's prior denial of plaintiff's request for oral argument on a motion. *Mikkilineni*, 2020 WL 871545, at *1–2. Therefore, plaintiff's motion for discovery and an oral hearing is denied.

### c.      Plaintiff's Motion for a Three-Judge District Court Panel

Plaintiff also requests a "Three-Judge District Court." (D.I. 6 at 1–2) Under 28 U.S.C. § 2284, "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Plaintiff asserts no such claim here, nor does he state any other valid legal basis for convening a district court panel of three judges. Therefore, plaintiff's request for a three-judge panel is denied.

### d.      The United States' 12(b)(1) Motions to Dismiss

The United States argues that the court lacks subject matter jurisdiction over plaintiff's negligence claim because plaintiff did not file an administrative claim with the Smithsonian, as he was required to do under the Federal Tort Claims Act. (D.I. 4 at 4–6)

As the court addressed the first time this case was removed, because of sovereign immunity, plaintiff's only remedy for negligence claims against the Director of CfA-CXC would arise from the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. *See Priovolos v. Federal Bureau of Investigation*, 686 F. App'x 150, 152 (3d Cir. 2017); 28 U.S.C. § 2679(b)(1). To

bring a valid claim under the Federal Tort Claims Act, plaintiff was required to file an administrative claim with the Smithsonian before instituting his negligence claims against the Director of CfA-CXC.  *See Jones v. U.S.*, C.A. No. 00-625-SLR, 195 F. Supp. 2d 591, 596 (D. Del. 2002).  The administrative claim requirement of the Federal Tort Claims Act applies to plaintiff's claims against the Director of CfA-CXC because the Smithsonian is a federal agency and its employees are employees of the government.  *See Expeditions Unlimited Aquatic Enters., Inc. v. Smithsonian Inst.*, 566 F.2d 289, 297 (D.C. Cir. 1977).  However, plaintiff failed to plead that he filed an administrative claim with the Smithsonian.  (D.I. 1, Ex. A)  In addition, plaintiff's various filings contain no argument related to his failure to file an administrative claim.  (D.I. 6; D.I. 8)  Moreover, the United States has proffered the Declaration of Judith Leonard, General Counsel for the Smithsonian, which states that the Smithsonian has no record of receiving a Federal Tort Claims Act claim from plaintiff.  (D.I. 4, Ex. D)  Based upon plaintiff's failure to file an administrative claim, plaintiff cannot cure the jurisdictional deficiency by filing another amended pleading.  *See Adams v. Klein*, C.A. No. 18-1330-RGA, 2019 WL 4143106, at *2 (D. Del. Aug. 30, 2019) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997) ("A court may deny leave to amend if amendment would be futile.").  Therefore, the court recommends granting with prejudice the United States' motion to dismiss plaintiff's negligence and/or gross-negligence claims for lack of subject matter jurisdiction.

Plaintiff also brings a fraud and/or bad faith claim against the Director of CfA-CXC.[17] (D.I. 1, Ex. A at 20)  However, "[t]he Federal Tort Claims Act exempts fraud and

---

[17] Neither party addressed this court's subject matter jurisdiction over plaintiff's fraud and/or bad faith claim.  Nonetheless, the court must, *sua sponte*, consider issues that go to subject matter

misrepresentation from the general waiver of sovereign immunity." *Maxberry v. Dep't of the Army*, 952 F. Supp. 2d 48, 52 (D.D.C. 2013) (citing 28 U.S.C. § 2680(h)); *Stoyanov v. Winter*, 643 F. Supp. 2d 4, 10-11 (D.D.C. 2009)); *see also Wilmington Trust, NA v. Adson*, 2018 WL 3068328, at *3 (E.D. Pa. Jun. 20, 2018) (holding that a plaintiff's fraud claim was barred by the Federal Tort Claims Act under 28 U.S.C. § 2680(h)).  Because "sovereign immunity has not been waived regarding claims of fraud," this court lacks subject matter jurisdiction over plaintiff's bad faith and/or fraud claim as well.  *See Maxberry*, 952 F. Supp. 2d at 52.  Allowing plaintiff to amend his complaint would be futile because the Smithsonian enjoys sovereign immunity from fraud claims.  *See id.*; *Adams v. Klein*, C.A. No. 18-1330-RGA, 2019 WL 4143106, at *2 (D. Del. Aug. 30, 2019).  Therefore, the court recommends granting with prejudice the United States' motion to dismiss plaintiff's bad faith and/or fraud claims for lack of subject matter jurisdiction.[18]

### e.   The United States' 12(b)(6) Motions to Dismiss

The United States also moved, in the alternative, to dismiss all of plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.I. 4 at 6–9)  The United States argues that the amended complaint fails to state violations of the Fifth or Fourteenth Amendments to the United States Constitution.  (*Id.* at 8–9)

---

jurisdiction even when "the parties have disclaimed or have not presented" those issues.  *Gonzalez v. Thaler*, 565 U.S. 134, 151 (2012).

[18] The court's recommendations to dismiss plaintiff's negligence and/or gross-negligence and bad faith and/or fraud claims for lack of subject matter jurisdiction eliminate the need to consider the United States' alternative argument to dismiss those claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Therefore, only plaintiff's constitutional claims remain under consideration.  (D.I. 1, Ex. A at 20)

Plaintiff alleges that the Director of CfA-CXC violated the Fourteenth Amendment to the United States Constitution.  (D.I. 1, Ex. A at 20)  However, the Director of CfA-CXC cannot violate the Due Process Clause of the Fourteenth Amendment because the Smithsonian, as an agency of the federal government, is not subject to the Fourteenth Amendment.  *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001); *Life Savers Concepts Assoc. v Wynar*, 387 F. Supp. 3d 989, 996–97 (N.D. Cal. 2019) (quoting *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973) ("[T]he 'Fourteenth Amendment applies to the states, and actions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment.'"); *see also Collins*, 524 F.3d at 251 ("[T]he Smithsonian is an 'agency' of the United States under § 1442(a)(1).").  Plaintiff cannot fix this pleading deficiency by further amendment.  *See Life Savers*, 387 F. Supp. at 996–97; *Adams*, 2019 WL 4143106, at *2.  Therefore, the court recommends granting with prejudice the United States' motion to dismiss plaintiff's Fourteenth Amendment violation.

Plaintiff also alleges that the Director of CfA-CXC violated plaintiff's rights under the Fifth Amendment to the United States Constitution.  (D.I. 1, Ex. A at 20)  To state claim under the Fifth Amendment's Due Process Clause, a plaintiff must allege "that the government deprived him of a liberty or property interest without providing notice and a meaningful opportunity to be heard."  *Day v. Ibison*, 530 F. Appx. 130, 133 (3d Cir. 2013) (citing *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976)).  Plaintiff's claim appears to be based on the Director of CfA-CXC's denial of plaintiff's request to use the Chandra X-ray Observatory.[19]  (D.I. 1, Ex. A at 16)  Plaintiff alleges that the Director of CfA-CXC "took cover behind [the] Smithsonian,"

---

[19] To the extent plaintiff bases his Fifth Amendment claim on his disagreement with this court's earlier ruling, which denied his motions for an oral hearing, the court's reasoning, citations, and recommendation at section IV.b, *supra* applies.  (D.I. 1, Ex. A at 16–19; D.I. 6 at 10–11)

which violated due process under the Fifth Amendment "under color of law." (*Id.* at 19)
Plaintiff's allegations fail to state any plausible claim for relief under the Fifth Amendment
because, among other reasons, he has not alleged that he was deprived of a liberty or property
interest.  Because this is plaintiff's second unsuccessful attempt, based on substantially similar
facts, to plead a violation of the Fifth Amendment's Due Process Clause, further amended
pleadings on this claim would be futile.  *See Adams*, 2019 WL 4143106, at *2.  Therefore, the
court recommends granting with prejudice the United States' motion to dismiss plaintiff's Fifth
Amendment claim.

      **f.**      **Plaintiff's Motion to Remand**

      Plaintiff argues that the court should remand the entire case under 42 U.S.C. § 233(c).
(D.I. 6 at 9)  Because 42 U.S.C. § 233 provides no basis for this court to remand plaintiff's
claims against the United States and for the reasons stated in sections IV.a, IV.d, and IV.e, *supra*,
the court recommends denying plaintiff's motion to remand his claims against the United States.
The court's recommendation to dismiss plaintiff's claims against the United States eliminates the
federal claims warranting removal, and none of plaintiff's remaining supplemental state law
claims against defendants GoDaddy, PayPal, and Shijil[20] invoke federal subject matter
jurisdiction.  (D.I. 1, Ex. A at 20)  Pursuant to the statute governing procedure after removal, 28
U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks
subject matter jurisdiction, the case *shall* be remanded."  28 U.S.C. § 1447(c) (emphasis added).
Therefore, the court recommends granting plaintiff's motion to remand only his supplemental
state law claims against GoDaddy, PayPal, and Shijil to the Delaware Superior Court.

---

[20] None of these defendants opposed plaintiff's motion to remand.

## V. CONCLUSION

For the foregoing reasons, the court recommends the following actions on the pending motions:

(1) GRANTING the United States' motion to substitute party (D.I. 3);

(2) GRANTING the United States' motion to dismiss with prejudice (D.I. 4);

(3) DENYING plaintiff's motion for discovery and oral hearing (D.I. 6);

(4) DENYING plaintiff's motion for a three-judge district court panel (*Id.*); and

(5) GRANTING-IN-PART and DENYING-IN-PART plaintiff's motion to remand. (*Id.*)

This Report and Recommendation regarding the United States' motion to dismiss and plaintiff's motion to remand is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The orders concerning the United States' motion to substitute party, plaintiff's motion for discovery, and plaintiff's motion for a three-judge district court panel are nondispositive and subject to Fed. R. Civ. P. 72(a). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(a)-(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

The Clerk of Court shall cause a copy of this Report and Recommendation to be mailed to Plaintiff.

Dated: July 7, 2020

Sherry R. Fallon
United States Magistrate Judge