# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:20-647-CFC-SRF |
| | : | |
| PAYPAL, INC., SHIJIL TS, CEO SPARKSUPPORT INFOTECH PVT LTD, GODADDY.COM, LLC, DIRECTOR CfA-CXC CENTER FOR ASTROPHYSICS/HARVARD-SMITHSONIAN, | : : : : : : | |
| | : | |
| Defendants. | : | |

## UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

For the second time, Magistrate Judge Sherry Fallon granted the United States' motions and recommended dismissal of Plaintiff's Amended Complaint. Plaintiff now objects to the Magistrate Judge's rulings because he was not granted discovery or a hearing on the government's scope certification and because he was not granted a three-judge district court review of his claims. Plaintiff's objections are without merit. The United States respectfully requests that the Court adopt the Magistrate Judge's Report and Recommendation in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

The Smithsonian Institution is a trust instrumentality of the United States, *see* 20 U.S.C. § 41 *et seq.*, and "enjoys sovereign immunity from suit." *Misra v. Smithsonian Astrophysical Observatory*, 248 F.3d 37, 39 (1st Cir. 2001). The Smithsonian Astrophysical Observatory ("SAO") is a part of the Smithsonian, D.I. 4, Ex. C., and its employees are employees of the federal government. *See Misra*, 248 F.3d at 38-39. The Director of the CfA-CXC Center for

Astrophysics/Harvard-Smithsonian ("Defendant") (as included by Plaintiff in the caption of the Am. Compl.) is an employee of the Smithsonian. D.I. 4, Ex. C.

On or about May 17, 2019, Plaintiff filed a lawsuit in the Superior Court of Delaware, alleging a variety of claims against defendants PayPal, Inc., Shijil TS/Sparksupport Infotech Pvt Ltd., GoDaddy.com, LLC, and Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA). Ex. A ("Complaint"). After the claims against the Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA) were dismissed and the allegations, as against the other defendants, were pending in state court, Plaintiff filed this substantially similar Amended Complaint on March 16, 2020, D.I. 1, in the Superior Court of Delaware.[1] In both the Complaint and the Amended Complaint, Plaintiff complains of the manner in which his proposal to utilize a high-powered space-based telescope operated by the SAO was denied.

Two months after the Plaintiff filed his Amended Complaint, the United States removed the action to this Court, moved to substitute the United States as the proper party, and filed a motion to dismiss for lack of subject matter jurisdiction on May 15, 2020. D.I. 1, 3, 4. In response,

---

[1] Plaintiff filed an Amended Complaint in the Superior Court of the State of Delaware without seeking leave of Court. The United States believes that doing so is improper under Superior Court Civil Rule 15(a). Nevertheless, because the Amended Complaint purports to be against the United States (through the named Defendant), the United States removed and seeks dismissal of the pleading. Thus, out of an abundance of caution, the United States is treating the Amended Complaint as the operative pleading in this litigation. As the Magistrate Judge noted in her Report and Recommendation, "[t]he differences between the Amended Complaint and the operative pleading the first time this case was removed are: (1) plaintiff changed defendant's name from Director/Chandra X-Ray Center (CXC) for Astrophysics/Harvard & Smithsonian (CfA) to Director CfA-CXC Center for Astrophysics/Harvard-Smithsonian; (2) plaintiff included additional allegations about email exchanges between himself and the Director of CfA-CXC's office; and (3) plaintiff added a bad faith and/or fraud claim and conclusory allegations of constitutional violations against the Director of CfA-CXC. (C.A. No. 19-1391, D.I. 5; C.A. No. 20-647, D.I. 1, Ex. A)." Moreover, the United States believes that this Amended Complaint demonstrates that any future complaints against the United States would be futile.

Plaintiff filed what he titled "Plaintiff Response to US 2nd Notice of Removal" and "Motion for oral-Hearing & Discovery," requesting a three-judge panel and a hearing and discovery on the United States' certification that Defendant was a Smithsonian employee at the time of the incidents giving rise to this suit. D.I. 6.

On July 7, 2020, Magistrate Judge Fallon issued her Report and Recommendation. D.I. 9. With respect to the United States, she denied Plaintiff's motion for hearing and discovery on scope certification, denied Plaintiff's request for a three-judge district court panel, granted the United States' motion to be substituted as the proper party and its motion to dismiss the Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6). On July 21, Plaintiff objected to the Report and Recommendation on the grounds that he is entitled to a three-judge district court review panel, and a hearing and discovery on scope certification. D.I. 10. His objections are without merit.

## STANDARD OF REVIEW

Under the Magistrate Act, 28 U.S.C. § 636(b)(1), and its corollary in the Local Rules for the District of Delaware, Local Rule 72.1, a magistrate judge may hear and determine non-dispositive motions. When a district court reviews the magistrate's decision as to non-dispositive motions, it does so pursuant to a clearly erroneous standard of review. *See N.L.R.B. v. Frazier,* 966 F.2d 812, 816 (3d Cir. 1992). Under a "clearly erroneous" standard, the reviewing judge must not reverse a magistrate judge's decision unless the magistrate's factual determinations are "completely devoid of minimum evidentiary support …, or bear[] no rational relationship to the supportive evidentiary data." *Masimo Corp. v. Philips Electronic North America Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014) (citing *Giles v. Kearney,* 571 F.3d 318, 322 (3d Cir. 2009)). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 547 (D.N.J. 2006). "[A] magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo." *Id*. (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co*., 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).

**ARGUMENT**

**I. This Court should affirm the Magistrate Judge's decision to grant the United States' motion to substitute and her denial of Plaintiff's request for discovery or hearing on scope certification.**

The Court should adopt the Magistrate Judge's decisions (1) granting the government's motion to substitute party and (2) denying Plaintiff's motion for discovery on scope certification. The Magistrate Judge's findings with respect to the United States' motion to substitute party and Plaintiff's discovery motions are reviewed "using the clearly erroneous or contrary to law standard." *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

The Magistrate Judge acted well within her discretion by—correctly—granting the United States' motion to substitute. She determined, as Judge Connolly did in the first action, *see* C.A. No. 19-1391-CFC/SRF, that Defendant "was an employee of the Smithsonian, an agency of the federal government, acting within the scope of his employment during the time period relevant to this action." D.I. 9 at 9. An "Attorney General's certification, although subject to judicial review, is prima facie evidence that the employee's challenged conduct was within the scope of employment." *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992). The United States submitted exactly such a certification here. Pursuant to 42 U.S.C. § 233(c) and 28 C.F.R. § 15.4, David C. Weiss, United States Attorney for the District of Delaware, certified by and through the civil chief, that "Director of CfA-CXC Center for Astrophysics/Harvard-Smithsonian" was an employee of the Smithsonian Institution and acting within the scope of her employment at the time of the incidents giving rise to this suit." D.I. 1, Ex. B. Given this certification, the "the burden

4

then shifts to the plaintiff, who must come forward with specific facts rebutting the certification." *Schrob*, 967 F.2d at 935. Plaintiff failed to do so.

Instead, as with his original Complaint, Plaintiff filed a motion for discovery on the issue of certification, arguing, without evidentiary support, that Defendant is not an employee of the Smithsonian. But mere argument is not sufficient to warrant the grant of discovery on the issue of scope certification. *Wuterich v. Murtha*, 562 F.3d 375, 382 (D.C. Cir. 2009) ("[T]here is no right to even limited discovery … unless and until a plaintiff alleges sufficient facts to rebut the Government's certification."); *see also Borawski v. Henderson*, 265 F. Supp. 2d 475, 482 (D.N.J. 2003) ("[T]he district court should only permit discovery or conduct an evidentiary hearing where there is a 'genuine issue of fact material to the scope of employment question.'") (quoting *Schrob*, 967 F.2d at 936). The Magistrate Judge's Report and Recommendation makes clear that discovery is permitted in certain circumstances, *Haas v. Barto*, 829 F. Supp. 729, 733 (M.D. Pa. 1993) (determining that an evidentiary hearing to resolve factual disputes was unnecessary after certification by U.S. Attorney), and that those circumstances are rare and special. Indeed, discovery is largely limited to situations "where there is a factual dispute which would decide the scope of employment issues, as the crux of the certification dispute." *Schrob*, 967 F.2d at 935 (citing *Wood v. United States*, 956 F.2d 7, 11-12 (1st Cir. 1992)); *see also Forrest City Mach. Works, Inc. v. United States*, 953 F.2d 1086, 1088 (8th Cir. 1992) (holding that where plaintiffs did not come forward with any evidence contradicting the certification, the district court did not err in denying requests for discovery).

There is no such factual dispute here. The Smithsonian is akin to a federal agency. Plaintiff sued an employee of the Smithsonian who was acting within the scope of his employment when he engaged in the communication (or lack thereof) that serves as the basis for Plaintiff's claim.

5

And, even if Plaintiff put forward specific facts to rebut the certification, which he has not, the Magistrate Judge could only permit discovery if the certification is based on "a different understanding of the facts that is reflected in [plaintiff's] complaint [.]" *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000).

Finally, Plaintiff argues that the Report and Recommendation should be rejected because the Magistrate Judge did not hold an actual hearing prior to issuing her opinion. This argument, too, was ruled on by Judge Connolly in the first action, and is without merit. *See* C.A. No. 19-1391-CFC/SRF, D.I. 34. In the context of a referral order under 28 U.S.C. § 636(b), a magistrate judge is not required to entertain oral argument. *See Cf. Anchorage Assocs. v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 176 (3d Cir. 1990) (holding that "while [Federal] Rule [of Civil Procedure] 56 speaks of a 'hearing,' we do not read it to require that an oral hearing be held before judgment is entered"). And failing to hold such a hearing does not violate Plaintiff's due process rights. *See, e.g., Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) ("[W]e find no merit in [appellant's] claim that a dismissal of a complaint without an oral hearing violates due process."); *United States v. One 1974 Porsche 911-S Vehicle Identification No. 9114102550,* 682 F.2d 283, 286 (1st Cir. 1982) ("There is no constitutional right to oral argument on a summary judgment motion."); *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 391 (6th Cir. 1975) (denial of an oral hearing before granting a motion to dismiss) does not violate "fundamental notions of fairness and due process of law"); *Spark v. Catholic Univ. of Am.,* 510 F.2d 1277, 1280 (D.C. Cir. 1975) ("[D]ue process does not include the right to oral argument on a motion"); *Dredge Corp. v. Penny,* 338 F.2d 456, 464 n. 14 (9th Cir. 1964) ("The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved."). Furthermore, under Federal Rule of Civil Procedure 78(b), "[b]y

6

rule or order, the court may provide for submitting and determining motions on briefs, *without oral hearings.*" (emphasis added). Delaware Local Rule 7.14 provides that "[o]ral argument on any motion may be scheduled upon the application of a party" and that "[a]n application for oral argument may be granted or denied, in the discretion of the Court." Plaintiff did not submit an application for oral argument. Moreover, it is clear that the Magistrate Judge did not require a hearing to be able to determine the findings of fact and conclusions of law that were necessary to issue her recommendations. Accordingly, because a hearing was neither required nor necessary, Plaintiff's objections to the Report and Recommendation should be overruled.

## II. This Court should also affirm the Magistrate Judge's decision to deny the Plaintiff's request for a Three-Judge District Court Panel.

Title 28 of the United States Code, Section 2284 states that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Plaintiff asserts no such cause of action here; as a result, there is no basis for convening a three-judge panel.

Plaintiff cites *Shapiro v. McManus*, 136 S. Ct. 450 (2015) and *Vieth v. Jubelirer*, 541 U.S. 267 (2004), in support of his request for a three-judge panel. However, unlike this case, both *Shapiro* and *Vieth* fall within the purview of 28 U.S.C. § 2284 because they are challenges to redistricting maps. Plaintiff does not assert a valid legal basis for convening a district court panel of three judges. This Court should affirm the Magistrate Judge's decision to deny Plaintiff's request.

7

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation, dated July 7, 2020, should be adopted in its entirety.

        Respectfully submitted,

        DAVID C. WEISS
        United States Attorney

By: /s/ Derick D. Dailey
        Derick D. Dailey
        Assistant United States Attorney
        1313 N. Market Street
        P.O. Box 2046
        Wilmington, DE 19899-2046
        (302) 225-9409

        *Attorney for Defendant United States of America*

Dated: August 4, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:20-647-CFC-SRF |
| | : | |
| PAYPAL, INC., SHIJIL TS, CEO SPARKSUPPORT INFOTECH PVT LTD, GODADDY.COM, LLC, DIRECTOR CfA-CXC CENTER FOR ASTROPHYSICS/HARVARD-SMITHSONIAN, | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF SERVICE

I, Shane Macas, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on August 4, 2020, a copy of the **UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** was served electronically via the Court's CM/ECF system upon the parties registered to receive notice thereby. I further certify that a copy of the same document to be served upon the following via U.S. Mail:

Maheswar Mikkilineni
64 Welsh Tract Rd. # 203
Newark, DE 19713

*/s/ Shane Macas*
Shane Macas
Legal Assistant