IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
Maheswar Mikkilineni,
    Plaintiff
v.                                CA No. 20-cv-647 CFC
                               Related CA No. 19-cv-1391CFC
PayPal, Inc.; Shijil TS et.al;
Godaddy.com LLC;
Director CfA-CXC.
    Defendants.



**Plaintiff Reply to US Response in Opposition to F-O in Magistrate R & R**

<u>First</u>  If "under 28 § 2284(a) a district court of three judges shall be convened when otherwise required by Act of Congress", doesn't include **deprivation of life, liberty, or property without due process of law under 5th Amend., like in 1st Amend., per <u>Shapiro,</u> hence it is not valid for a** district court to convene three judges, I trust the decision of the judge in this regard.

<u>Second</u>  Again, US wrongfully states "Plaintiff filed.. Amended Complaint on March 16, 2020 (DI. 11 p2).. (in the state court) without seeking leave of Court"— this statement contradicts the court-record and the Order of the state judge which makes it clear that the amended complaint was <u>not</u> filed or allowed, yet. Hence, that complaint is <u>not</u> operative in this court, and the factual determination of Magistrate (DI. 9 p4) is "completely devoid of minimum evidentiary support.. or bear no rational relationship to the supportive evidentiary data" (<u>Masimo</u>, 62 F. supp. 3d 368).

<u>Third</u>  US says (DI. 11 p5) .. discovery is limited to situations "where there is a factual dispute which would decide the scope of employment issues, as the crux of the certification dispute."

That's precisely on point at (i) 19-cv-1391CFC, & (ii) here:

. At (i) plaintiff names defendant as 'director CXC (CfA) (not program office director Wilkes)';

. The US twists that as 'program office director Wilkes', 'claims as an employee of Smithsonian', 'refuses discovery on employment issue', 'this court deletes (per request of counsel.. an un-named counsel?) the factual dispute stated in CfA Website which plaintiff filed in this court on 08/26/2019' (DI. 20),

-2-
'this court denies discovery on factual dispute without a hearing', and 'this court dismisses the complaint pending in the state court'.

. At (ii), now, US is back at the same game—it claims "there is no factual dispute here" (DI. 11 p5). So, this court, may, please see the "factual dispute", below:

. Magistrate said (DI. 9 p6-7): ".. the court may consider evidence outside of the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. (fn12) To explain the relationship between the SAO and CXC as it relates to subject matter jurisdiction, the US has submitted the declaration of Charles Alcock.. The declaration provides that the Smithsonian, by and through the *SAO, won the NASA contract.." (R.p8) "The court's analysis is a context-specific task requiring the court 'to draw on its judicial experience and common sense'" (R.p9) ".. plaintiff was required to 'come forward with specific facts rebutting' the US attorney's certification.. that the Director CfA-CXC was an employee of the Smithsonian. Plaintiff has failed to meet his burden to rebut the certification."
*Q: Did SAO team include HCO? Answer to this can only be found at discovery.

. The US certification is solely based on the declaration of Charles Alcock'—that "the Director CfA-CXC was an employee of the Smithsonian".. acting within the scope of his employment.

. That declaration of Charles Alcock is rebutted by the specific fact-evidence in the CfA Website which states:
"Charles Alcock is the Director of the Harvard-Smithsonian Center for Astrophysics (CfA), .. and Professor of Astronomy at Harvard University" (DI.1 Ex.A p3).

. It further clarifies—
"On July 1, 1973, the Smithsonian Institution and Harvard University formalized *collaboration.. however, the *joint venture draws on the coordinated strengths of two organization.." (DI.1 Ex.A p2).

*See the law dictionary definitions, below:
Law Dictionary Definitions
Collaboration: 'In General, this is a cooperative agreement of two or more parties to work jointly towards a common goal. The involved parties may or may not have had any previous relationship. In Knowledge management (KM), Collaboration is a key tenet of KM. This is essential to generating and maintaining a competitive advantage as the effective method of

transferring 'know how' to a team of individuals. In Negotiations, this is a conflict resolution strategy of using both assertiveness and cooperation to gain solutions worthwhile to all parties. It succeeds best when the interaction among them is directed at attaining common goals and where participants' goals are compatible.'

<u>Joint venture</u>: 'A joint venture can offer two or more businesses the opportunity to pool their resources and share their expertise to accomplish a particular objective. The manufacturer of a product might be presented with an opportunity to bid on a large contract requiring a substantial amount of raw materials. Purchasing the raw materials on the open market might require a huge expenditure of capital, so the manufacturer might approach the supplier with a proposal to combine their respective resources through a joint venture agreement.
The contents of a joint venture agreement will depend upon the facts and circumstances of the joint venture and the needs of the parties. When two companies get together in a joint venture, each one might be contributing something other than money. The joint venture agreement should clearly state what is being contributed by each participant. For example, if one participant is supplying raw materials while the other party is going to manufacture a product from those materials, then the agreement should specify the amount of the raw materials that will be needed and to produce a specified number of items.'

. Thus, any person with experience in business ventures (including lawyers) would understand the meaning of 'collaboration, joint-venture' (legal terms) in practice. Here, it is clear that a 'Professor at Harvard University' must be an employee of Harvard University until he resigns-retires or fired. If his expertise is being utilized in the 'collaboration-joint venture' between Harvard-Smithsonian to help get the job done, he can't automatically become an employee of Smithsonian, an illegal act—any lawyer with commonsense would know that. Or if Harvard, in 1973, set this up in its 'terms-provisions' that all its employees become Smithsonian employees while working in this 'collaboration-joint venture' for the sole-purpose to avoid liability, such terms-provisions would become "illegal or un-enforceable" under the laws. It is premature to go into that until discovery is allowed and completed.

. Furthermore, here, the CfA Website didn't state that the 'Professor at Harvard University is an employee of Smithsonian': hence, he can't declare himself as an employee of Smithsonian without <u>disclosing</u> the terms-provisions in the—
(i) Agreement/Contract (of 1973) for 'collaboration' & 'joint venture' between Harvard-Smithsonian, and
(ii) Pay-roll and other relevant-records.

. This is a simple issue. Hence, the Magistrate and the Judge, being legal experts, can understand the need for a proper discovery to know who is an employee of whom in this collaboration-joint venture scheme.

<u>Fourth</u> US attaches Ex. A (DI. 11 p2) with incorrect or voided copies of Praecipe/Summons (prepared at the direction of the clerk at the state court) which were re-done per the direction of sec. of state of Delaware, and proper service was effectuated upon director CXC (CfA) on July 16, 2019. See Exb. Service, attached here.

Respectfully,
Sd-
M.R.Mikkilineni
Plaintiff            Date 08/10/2020

Certificate of Service:

I, Maheswar Mikkilineni, certify that a true and correct copy of this pleading sent on 08/10/2020 by email to:
'Derick.Dailey@usdoj.gov'; 'Civil.Communications@usdoj.gov'; Daughton, Morgan M (Courts) Morgan.Daughton@delaware.gov;
cc: renee.austin2@usdoj.gov; shane.macas@usdoj.gov; caseview.ecf@usdoj.gov; kimberly.rechner@usdoj.gov; usade.ecf@usdoj.gov;
'amy.goodman@delaware.gov'

sd-
M.R.Mikkilineni

A1

## Exb. Service [Director CXC (CfA)]

**From:** Wilson, Nicole M (DOS) [mailto:Nicole.M.Wilson@delaware.gov]
**Sent:** Tuesday, July 23, 2019 10:09 AM
**To:** Mikki <stmmrv@verizon.net>
**Subject:** Service of Process

Good morning,
I apologize for not being able to get back with you until today. We do not send any confirmation to the court. Once we send the service of process to the defendant, we do not take any further action.
Thank you,
Nikki Wilson
Corporations Specialist
Division of Corporations
Support Services/Notary Public Section
401 Federal Street Suite #4
Dover, DE 19901
302-857-3479

Customer Satisfaction Survey: **www.surveymonkey.com/s/2011 3rdqtr**

**Please note- as of January 25, 2019, my email address has changed to:**
**Nicole.M.Wilson@delaware.gov**

 

Department of State
*Serving Delaware & the World • Jeffrey W. Bullock, Secretary*

 Please consider the environment before printing this e-mail.

**From:** Mikki [mailto:stmmrv@verizon.net]
**Sent:** Tuesday, July 16, 2019 12:10 PM
**To:** Wilson, Nicole M (DOS)
**Subject:** : Service of Process

7/16/2019
Thanks. Please advise whether your office sends 'proof of service' to Superior Court records or is there something I need to do?
Mikki
Proof of Delivery
Dear Customer,
This notice serves as proof of delivery for the shipment listed below.
Tracking Number
1Z5E688E4276974409
Weight
1.00 LBS

A2

Service
UPS Ground
Shipped / Billed On
07/12/2019
Additional Information
Signature Required
Delivered On
07/16/2019 10:14 A.M.
Delivered To
CAMBRIDGE, MA , US
Received By
DWIER
Left At
Receiver
Thank you for giving us this opportunity to serve you. Details are only available for shipments delivered within the last 120 days. Please print for your records if you require this information after 120 days.
Sincerely,
UPS
Tracking results provided by UPS: 07/16/2019 11:59 A.M. EST
Print this page