# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAHESWAR MIKKILINENI,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 20-647-CFC-SRF<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION OF UNITED STATES OF AMERICA
## TO PLAINTIFF'S MOTION FOR RECONSDERATION

Plaintiff's Motion (D.I. 16) asks the Court to reconsider its Order of March 3, 2021 (D.I. 14). That Order, *inter alia*, granted the motions to substitute the United States as a party and to dismiss the claims against the United States. Because Plaintiff offers no valid basis for reconsideration, his Motion should be denied.

"The purpose of a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Dawson v. Wheeler*, No. CV 19-1355-CFC, 2020 WL 730306, at *1 (D. Del. Feb. 13, 2020) (Connolly, J.) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). To warrant reconsideration, a movant must show "at least one of the following

grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677.  Plaintiff offers none of these bases for reconsideration.

Plaintiff does not suggest that there has been an intervening change in controlling law.  Indeed, the only law he cites, Federal Rule of Civil Procedure 81, was last amended in March of 2009, a decade before Plaintiff submitted the proposal to the director of CfA-CXC that forms the basis for his claims.

Neither does Plaintiff provide any evidence that was "not available when the court granted the motion."  Plaintiff's Motion purports to discuss "new-Evidence," but under that moniker it discusses evidence that was, by his own admission, "attached in Appendix to my motion filed in this court on 5/28/2020."  D.I. 16 at 1.  The evidence at issue was, therefore, available when the court issued its Order.

Finally, there is no suggestion of a clear error of law or fact.  Federal Rule of Civil Procedure 81, which Plaintiff cites as the basis for his Motion, simply directs that federal courts should apply the federal rules in actions removed from state court.[1]  Fed. R. Civ. P. 81(c)(1).  The Court did so here, granting the United States'

---

[1] Fed. R. Civ. P. 81(c)(3)(A), which Plaintiff quotes, establishes that Plaintiff's state court jury demand, so long as it comported with Delaware state law, did not

motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Mikkilineni v. PayPal Inc.*, No. CV 20-647-CFC-SRF, 2020 WL 3792183, at *6–7 (D. Del. July 7, 2020), *report and recommendation adopted,* No. CV 20-647-CFC-SRF, 2021 WL 810359 (D. Del. Mar. 3, 2021). Since the challenged ruling was consistent with the requirements of Rule 81, that likewise provides no basis for reconsideration here.

    Because Plaintiff has failed to assert a recognized basis for reconsideration, his Motion should be denied.

                                       DAVID C. WEISS
                                       UNITED STATES ATTORNEY
                                       */s/* Dylan. J. Steinberg
                                       Dylan J. Steinberg
                                       Assistant United States Attorney
                                       1313 N. Market Street
                                       Suite 400
                                       P.O. Box 2046
                                       Wilmington, DE 19899-2046
                                       (302) 573-6277
                                       *Attorney for Defendant United States of*
                                           *America*

---

need to be renewed before this Court after removal. None of the Court's rulings in this case, including the Order as to which Plaintiff seeks reconsideration, are to the contrary.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAHESWAR MIKKILINENI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-647-CFC-SRF |
| PAYPAL, INC., et al., | ) |
| Defendants. | ) |

## [PROPOSED] ORDER

AND NOW this _____ day of _____, 202__, upon consideration of Plaintiff's Motion for Reconsideration (D.I. 16) and the response thereto, it is hereby ORDERED that Plaintiff's Motion is DENIED.

_____
The Honorable Colm. F. Connolly, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MAHESWAR MIKKILINENI,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 20-647-CFC-SRF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

I, Kimberly Rechner, an employee with the United States Attorney's Office, hereby certify that on March 16, 2021, I caused to be electronically filed:

## OPPOSITION OF UNITED STATES OF AMERICA
## TO PLAINTIFF'S MOTION FOR RECONSDERATION

with the Clerk of the Court using CM/ECF.  Said document is available for viewing and downloading from CM/ECF.  I further certify two copies of said document to be served via U.S. mail upon:

M.R. Mikkilineni
64 Welsh Tract Road, #203
Newark, DE 19713

                                                                 */s/ Kimberly Rechner*
                                                         Kimberly Rechner, Legal Assistant